## BOYER & BARNES v. AUSTIN.

1. **Res Adjudicata**: JUDGMENT ON MATTER IN ABATEMENT: GUAR-ANTY. A judgment for the defendant in an action upon the guaranty of a promissory note, which recites the ground upon which it is based to be that the plaintiff has not sufficiently exhausted his remedy against the maker, does not constitute an adjudication upon the validity of the guaranty, which can be pleaded in bar of another action thereon after execution against the maker has been returned unsatisfied.

*Appeal from Mahaska District Court.*

FRIDAY, SEPTEMBER 24.

ACTION at law upon the guaranty of a promissory note. The cause was submitted to the court without a jury, and upon a finding of facts a judgment was rendered for defendant. Plaintiffs appeal.

*John F. Lacey* and *William R. Lacey*, for appellants.

*Williams & McMillen*, for appellees.

BECK, J.—I. The answer of defendant, among other defenses, pleaded a former adjudication between the same parties in an action in the Circuit Court involving the same cause of action. Other defenses set up in the answer need not be specified. The District Court found that in an action between plaintiffs and defendant upon the guaranty sued upon in this action, the Circuit Court rendered a judgment in the following words:

"And now on this day the parties appear, the plaintiffs by their attorney, and the defendant by his attorneys, and the court having had this cause under advisement, and being fully advised in the premises, finds for the defendant and against the plaintiff, on the ground that it is not shown that the note or judgment cannot be collected of the makers of

the said note, for the reason that the plaintiffs have not exhausted their legal remedy against the maker, and thereupon the court orders judgment to be entered against the plaintiff for costs.

It is thereupon ordered and adjudged by the court that the defendant do have and recover of the plaintiffs the costs of the suit taxed at $——."

The court also found that in the action in the Circuit Court the defendant among other defenses pleaded that plaintiffs had made no effort to collect the note, and that the makers had property out of which the note could have been collected. The court further found that upon a judgment in the Circuit Court defendant caused execution to be issued against the makers of the note, and used due diligence to collect it, and exhausted all his legal remedies. Upon the facts thus found the District Court determined that the judgment in the Circuit Court was on the merits, and not in abatement, and that it is a bar to this action, and, therefore, rendered judgment for defendant.

II. The only question before us involves the correctness of the conclusion of the court below upon the facts found, and involves the determination of the effect of the judgment of the Circuit Court, whether it is a judgment upon the merits, or is a judgment upon matters which only go to the abatement of the action.

Upon this question there can be no mistake, for the language of the judgment is as plain as it can be made, that it is based upon facts found which only go to the abatement of the action. The facts show that plaintiffs were not entitled to judgment, for the reason that the cause of action had not yet accrued because plaintiffs had not exhausted their legal remedy against the maker of the note. It does not show that the contract of guaranty is not valid, but that matters have not occurred that will render it enforceable; the cause of action has not yet accrued thereon. The case is not unlike an action upon a promissory note which is not due. An answer setting

up the want of maturity in the paper is a good plea in abatement.   *Cox & Shelley v. Carrell & Co.*, 6 Iowa, 350.

We do not understand that counsel for defendant insist that the fact plaintiff had not exhausted his remedies amounts to anything more than a ground of abatement of the suit. Their position is based upon the claim that the judgment of the Circuit Court shows upon its face that it was based upon the facts that plaintiffs had not exhausted their legal remedies, and it did not appear that the judgment upon the note could not be collected. We are unable to suggest words or form of expression that would declare the conclusion more clearly.

The judgment for costs does not support the position of defendant's counsel, for the reason that upon a judgment of abatement defendant was entitled to recover costs. By no possibility could the judgment of the Circuit Court have been based upon the merits, for the language of the judgment expressly negatives such a conclusion. The Circuit Court doubtless caused the ground of the judgment to be set out therein in obedience to the requirement of Code, § 2851, which is as follows:

" Where matter in abatement is pleaded in connection with other matter not such, the finding of the jury or court must distinguish between matter in abatement and matter in bar, and the judgment must, if it is rendered on the matter in abatement and not on the merits, so declare."

The object of this statute is to so provide that the effect of the judgment, whether it be upon matters of abatement or in bar, may be determined. There can be no difficulty in determining from the express language of the judgment that it was based upon matters in abatement.

III. The defendant's counsel insist that the judgment of the court below is right because no demand and notice of non-payment was shown in the court below. But this objection was not presented to and decided by the District Court; it cannot be considered. The only question decided in the court below related to the effect of the judgment, whether it

was upon the merits, or in abatement. None other can be decided in this court.

In our judgment the District Court erred in rendering judgment for defendant; it should have been for plaintiffs. The cause will be remanded for judgment upon the findings of facts in accord with this opinion.

REVERSED.