| 63 | 739 |
|---|---|
| 82 | 413 |

| 63 | 739 |
|---|---|
| 102 | 114 |

| 63 | 739 |
|---|---|
| 115 | 287 |

| 63 | 739 |
|---|---|
| 135 | 205 |

## ATKINS v. ANDERSON.

1. **Contract:** ACTION ON: PROOF OF PERFORMANCE BY PLAINTIFF: WHEN NOT REQUIRED. In an action for the failure to perform a contract between plaintiff's assignor and defendant, where plaintiff alleged that his assignor had performed all the conditions of the contract on his part, which allegation the defendant denied, *held* that, while the burden of proof was on the plaintiff as to such performance, yet he was not required to prove the performance of such portions of the contract as were executed by the contract itself.

2. **Practice:** ERROR IN EXCLUDING EVIDENCE: MATERIALITY MUST APPEAR. If a party intends to insist on appeal that the trial court erred in excluding certain offered evidence, he should have the record show how the excluded evidence is material.

3. **Abatement:** DISMISSAL UPON PLEA OF: NO BAR TO SUBSEQUENT ACTION: EVIDENCE. Where upon a plea in abatement the court, with plaintiff's consent, dismissed the action, such order was not a bar to a subsequent action between the parties upon the merits; and where such dismissal of the former case was shown by the record, there was no error in excluding parol testimony offered to prove that there was no trial upon the merits in that case.

4. **Evidence:** DEPOSITION IN FORMER ACTION: COMPETENCY OF IN THIS. Where the same question was in issue in a former action between the defendant and plaintiff's assignor, the deposition of the assignor, taken and used in that case, was competent evidence in this.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 25, 1884.

THE plaintiff, as the assignee of one Kellog, seeks to recover of the defendant for a failure to comply with his written contract, by which he agreed to furnish to Kellog carpenter work to the amount of $500. The defendant by answer took issue with the averments of the petition, and there was a trial by jury, and verdict and judgment for the plaintiff. Defendant appeals.

*Wm. Kennedy*, for appellant.

*Gatch & Weaver*, for appellee.

ROTHROCK, CH. J.—I. By the written contract between Kellog and the defendant, Kellog purchased of the defendant a burglar and time-lock safe, at the sum of $900, and as the consideration therefor the defendant gave to Kellog another safe at the agreed price of $400, and agreed to give Kellog carpenter work to the amount of $500, to be done between the first day of May and the fifteenth day of July, 1879, and it was stipulated that the claim for carpenter work could not be turned into a money demand against Anderson without notice in writing of not less than ten days. And by said written contract Kellog assigned and sold to Anderson his business as a banker and the good will thereof.

The principal question in controversy upon the trial was, whether or not the defendant failed to furnish the carpenter work as he agreed to do, and whether the claim had by the proper notice been converted into a money demand.

It was averred in the petition that Kellog performed all of the conditions of the contract on his part. This was denied by the answer. The court instructed the jury that, when a fact is alleged by one party and denied by the other, the party alleging the fact must show by a preponderance of the evidence the truth of

1. CONTRACT: action on : proof of performance by plaintiff : when not required.

the fact alleged. It is claimed by counsel for the appellant that plaintiff did not prove that Kellog had performed the written contract. It is a sufficient answer to this position that all of the acts to be done by Kellog were executed by the written contract. By the contract the property in the safe was vested in Anderson, and the banking business and good will were transferred to him. It was not necessary to show that Kellog delivered possession of the safe, and that he did not interfere in the bank business, or the good will thereof, after he had transferred it to Anderson. The only facts necessary for him to prove were that Anderson failed to furnish the carpenter work without the fault of Kellog, or the plaintiff, his assignee, and that the proper notice to make the claim a money demand had been given by Kellog or the plaintiff.

II. Next, it is claimed that the court erred in refusing to permit the defendant to fully inquire into the nature and extent of the rights of the plaintiff under the assignment claimed by him. Counsel does not in argument specifically point out the ruling upon the point which it is claimed is erroneous, and we think he was given the fullest latitude in this respect.

III. There was a former suit between the parties, involving substantially the same claim, and the defendant on the 2. PRACTICE: error in excluding evidence: materiality must appear. trial in this case offered in evidence the shorthand notes of the testimony of a witness taken in the former trial. The notes were excluded on the motion of the plaintiff. The court based its ruling upon the fact that the notes had not been certified by the short-hand reporter. It is claimed that this ruling was erroneous. Whether it was erroneous or not we need not determine, because the record does not show that the evidence contained in the notes was at all material to the issues in this case. If the defendant intended to claim that he was prejudiced by the ruling, he should have had the record show that the evidence was material.

IV. In the former action between the parties there was an issue upon the merits, and also the question was made whether

**3. ABATE-MENT: dismissal upon plea of: no bar to subsequent action: evidence.** or not the claim had become a money demand by the service of the notice in writing, and a demand for the carpenter work. It is claimed that the record in the former action is a complete bar to the present action, and that the court erred in allowing the plaintiff to introduce parol evidence to prove that the cause was not tried and determined on its merits. Whether parol evidence was proper or not we need not determine, because we think that the record in the former action sufficiently shows that the decision was not upon the merits, but upon the matter pleaded in abatement. That cause was tried to the court without a jury, and the decision of the court was as follows:

"And now, on this twelfth day of February, A. D. 1881, the court, after being fully advised in the premises, finds for the defendant, and a non-suit is offered and accepted by plaintiff.

"It is further ordered, adjudged and decreed that, unless the plaintiff pays the costs of this action within ten days, the clerk is directed to enter judgment for same against said plaintiff in favor of defendant."

The costs were paid before any judgment was entered. Under section 2851 of the Code, where matter in abatement is pleaded in connection with other defenses, it is required that the finding of the jury or court must distinguish between matter in abatement and matter in bar, and the judgment must, if it is rendered on the matter in abatement and not on the merits, so declare.

Now, it may be conceded that the finding of the court is not as explicit as it might be, in declaring that the decision was rendered upon the matter in abatement, yet we think it is sufficient. The finding really amounted to an offer to plaintiff to dismiss his action, which offer was accepted and the costs paid. It is true that under section 2844 of the Code the time had probably passed when the plaintiff had a right to dismiss the action. But the court offered the non-suit or dismissal, and the same was accepted by the plaintiff, and

the defendant acquiesced in this disposition of the case by making no objection thereto.

V. It appears that there was a former action between the defendant and Kellog, the assignor of the plaintiff, in which 4. EVIDENCE: the defendant made the same claim by way of deposition in former action: counter-claim as he made in this action. In the competency of in this. former case the deposition of Kellog was taken and used, and the plaintiff made a motion to read the deposition upon the trial of this case. The motion was sustained. This is made the ground of an assignment of error. It was shown that Kellog was a resident of the State of New York. Being a non-resident of the state and absent therefrom would have authorized the taking of his deposition in this case. The parties to the record in this case and that of *Kellog v. Anderson* are not the same, but they are privies to the parties in the former action, and it seems to be well settled that the deposition was competent. Greenleaf on Evidence, Vol. 3, § 326; *Brooks v. Cannon*, 2 A. K. Marshall, 525; *Shaul v. Brown*, 28 Iowa, 37.

VI. There are one or two other questions of minor importance alluded to in the argument. We have not thought it necessary to allude to them except in this general way. A mere statement of them would demonstrate that the objections based thereon are not well taken. We are satisfied that there is no error in the record.

AFFIRMED.