## J. B. KERN & SON, Appellees, v. H. G. WILSON, Appellant.

1. **Conversion**: FORMER ADJUDICATION. In an action by a mortgagee to recover for the conversion of mortgaged chattels, the defendant, who had seized the property under a writ of attachment against the chattel mortgagor, sought to show a former adjudication of the question of the plaintiff's right to the property by the introduction in evidence of the record of the case against the attachment debtor, wherein said writ had been sued out, and in which the plaintiff had intervened, and, further, by the introduction of the record of a case between the same parties, and involving the question of the plaintiff's title under his mortgage to the same property as against the same attachment. It appearing, however, that no proceedings were had upon the plaintiff's petition of intervention in the attachment case, but that there was a simple judgment by default against the attachment debtor, and

that in the other case the court, upon the motion of the defendant, had directed the return of a verdict in the defendant's favor, and rendered judgment thereon, because the evidence upon the trial failed to show a service by the plaintiff of the notice of ownership prescribed by chapter 45 of the Laws of the Twentieth General Assembly, *held*, that the evidence was properly excluded as failing to show in either instance an adjudication upon the merits.

2. **Chattel Mortgage:** DESCRIPTION OF PROPERTY: CONSTRUCTION. It being a matter of common observation that such articles as lamps, lamp chimneys, burners, fixtures, glass, chinaware, toys, stationery, paints, varnishes and notions are usually kept for sale in connection with drugs in retail drug stores, *held*, that the question whether such articles were covered by a mortgage upon property described as a "drug stock" was properly left for the jury to determine.

3. ————: NOTICE: ERRONEOUS INDEX: RIGHTS OF CREDITORS. In the absence of fraud, an attaching creditor is bound by a chattel mortgage erroneously indexed, but of which he had actual notice prior to the levy of his attachment, even though credit for the claim sued upon was extended to the attachment debtor without notice of said mortgage.

4. ————: NOTICE OF OWNERSHIP: SUFFICIENCY. A notice of ownership, given as provided by chapter 45 of the Laws of the Twentieth General Assembly, and stating that the mortgagees are the owners of "a certain stock of drugs," and making reference to the mortgage wherein the property mortgaged is described as a "drug stock," is sufficiently specific to enable the officer to determine what goods are claimed, and will not limit the claimant to the recovery of the drugs alone contained in the stock.

5. ————: ADDITIONS TO STOCK: INVOICE: EVIDENCE. The court having instructed the jury, that the mortgagee could not recover for goods added to the mortgaged stock after the execution of the mortgage, and there being evidence of the identity of the stock mortgaged, and of the goods subsequently acquired, *held*, that an invoice taken the next day after the attachment was properly allowed to go to the jury.

*Appeal from Wright District Court.*—HON. J. L. STEVENS, Judge.

WEDNESDAY, MAY 13, 1891.

ACTION to determine the right to the possession of a certain drug stock, claimed by the plaintiffs under a

chattel mortgage from J. C. Dwyer, and by the defendant, as sheriff, under a writ of attachment in favor of Olney & McDaid against said Dwyer. There was a verdict and judgment for the plaintiffs, from which the defendant appeals.—*Affirmed.*

*Nagle & Birdsall,* for appellant: The general rule is, that the judgment of a court of. competent jurisdiction is conclusive between the parties upon all the questions directly involved in the issue, and necessarily determined by it. The most infallible test as to whether a former judgment is a bar is to inquire whether the same evidence will maintain both the present and the former action. Freeman on Judgments, sec. 259 ; *Hahn v. Miller*, 68 Iowa, 746 ; *Delaney v. Reade*, 4 Iowa, 293 ; *Atkins v. Anderson*, 63 Iowa, 742. In the case at bar identically the same issues are presented in the two cases, and identically the same evidence was essential to maintain the cause of action in the original case of J. B. Kern & Son as in the present action. The law requires that when judgment is rendered upon matter in abatement, and not upon the merits, the judgment must recite that fact, and so declare. Code, sec. 2851 ; *Atkins v. Anderson*, 63 Iowa, 739. It must be presumed from a general judgment that all the issues were decided in favor of the successful party. *Finch v. Hollinger*, 46 Iowa, 216. The judgment entered in the former case of J. B. Kern & Son *v.* this defendant is in accordance with the requirements of the law. Code, secs. 3238, 3239. It properly directed the return of the property. *Jansen v. Effey*, 10 Iowa, 227 ; *Mason v. Richards*, 12 Iowa, 73. The judgment for return of the property or its value as found by the jury was correct and complete in itself. *McNorton v. Akers*, 24 Iowa, 369 ; *Clark v. Warner*, 32 Iowa, 29. The very position appellee must now take to avoid the force of the judgment as an adjudication was urged by them upon the rendition of the original judgment in question. *Thompson v. McKean*, 43 Iowa, 402 ; *Finch*

*v. Hollinger,* 48 Iowa, 178; *Moore v. Jeffers,* 53 Iowa, 202. A fact expressly or impliedly adjudicated is as binding upon the parties as are the conclusions of law reached by the court, and cannot be again litigated. *Smith v. Zahensdorf,* 30 Iowa, 402; *Denham v. Bower,* 37 N. Y. 80; *Goodenow v. Litchfield,* 59 Iowa, 226. The term "drug stock" has a different meaning than "the entire stock of drugs, medicine, oils and paints and goods of every description," and this court has so held in *Van Evra v. Davis,* 51 Iowa, 637. There being no evidence it was clearly the duty of the court to construe the terms of the mortgage, and instruct the jury what class of goods was included therein. *Eaton v. Smith,* 20 Pick. 150; 2 Parsons on Contracts [ 6 Ed.] p. 493. There was not a particle of evidence introduced in the case. to which the court's instruction upon this point could apply; it is based wholly upon a state of facts of which there is no proof. The jury cannot go outside of the evidence and determine the rights of the parties upon their own observation, judgment and experience. *Byington v. McCaddan,* 34 Iowa, 216; *Moffit v. Cressler,* 8 Iowa, 122; *Benton v. Railroad,* 55 Iowa, 497.

*R. H. Whipple,* for appellees: A verdict of a jury constitutes no bar unless followed by a judgment, and the judgment itself will be no bar, unless the matter in issue has been decided upon its merits. *Delaney v. Reade,* 4 Iowa, 292; *Boyer & Barnes v. Austin,* 54 Iowa, 402; *Atkins v. Anderson,* 63 Iowa, 739; *Griffin v. Seymour,* 15 Iowa, 30. The order directing a verdict, and the judgment upon the verdict, are to be construed together in order to determine the meaning of the court. A judgment, if not strictly in form, may be aided and explained by other parts of the record not inconsistent therewith in determining what disposition of the case was actually made. *Andrews v. School Dist.,* 27 N. W. Rep. 302; Bigelow on Estoppel, 36, 50. So the judgment here is explained by the order taking the case from the jury. *Burwell v. Knight,* 51 Barb. 269; *Dexter v. Clarke,* 22 How. Pr. 289; *Boom v. St. Paul,*

33 Minn. 253.   The decision of the court was simply a
general judgment for the return of the property upon
the dismissal of the suit of defendant's motion, and the
court could make no other disposition of the case.    It
was simply a judgment of dismissal.    A judgment in
form for the defendant may or may not be upon the
merits.    Freeman on Judgments, 261 ; *Andrews v. School
Dist.*, 27 N. W. Rep. 303.   That the order directing a
verdict and the judgment should both be considered
together, is upheld in *Roberts v. Hamilton*, 56 Iowa,
633.    Defendant's motion for a nonsuit was a waiver
of his right to have judgment on the merits by reason
of the nonsuit.    It amounts to a dismissal with the
consent of the defendant.    Freeman on Judgments, 261.
The court had no jurisdiction to render the judgment,
and hence it is void.    *Gordon v. Kennedy*, 36 Iowa,
167 ; *Roberts v. Hamilton*, 56 Iowa, 683.    Void judg-
ments neither bind nor bar anyone.    Freeman on
Judgments, 117.    In the former suit the plaintiffs were
claiming as absolute owners of the property, and, now,
only as qualified owners, or, in other words, mortgagees.
A judgment binds a party only in the capacity in which
he sues.    *Erwin v. Garner*, 9 N. E. Rep. 417 ; *Camp-
bell v. Hunt*, 2 N. E. Rep. 263.    The instruction
pertaining to the construction of the description of the
property in the mortgage is precisely the same as this
court directed to be given in construing the mortgage
on the former appeal.    *Kern v. Wilson*, 73 Iowa, 490.

GIVEN, J.—I.    Defendant, in support of his plea of
former adjudication, introduced in evidence the files
and records of the circuit court in cases of
Olney & McDaid *v.* J. C. Dwyer and
of J. B. Kern & Son *v.* H. G. Wilson, sheriff.    It
appears from this record that in the former case
an attachment was issued and levied upon the
goods in question, and these plaintiffs intervened,
and claimed the goods by virtue of their mortgage.
The defendant Dwyer failing to appear, default and
judgment were entered against him, with an order

1. CONVERSION: former adjudication.

for a special execution against the attached property. It does not appear that any proceedings whatever were had upon the plaintiff's petition of intervention, or that their claim to the property was in any wise considered or adjudicated. In the other case these plaintiffs claimed, as in this, the stock of goods, by virtue of the same chattel mortgage, and the defendant claimed the stock by virtue of the same attachment. The case went to trial, and after both parties rested, and upon the motion of the defendant herein, it appearing to the court that the notice required and contemplated by chapter 45, Laws of the Twentieth General Assembly, had not, prior to the commencement of this action, been served upon the defendant, the court directed the jury to retain a verdict in favor of the defendant, and fixing the value of the property in controversy at five hundred dollars; and thereupon, under said direction, the jury returned their verdict as follows: "We, the jury, find for the defendant, that he is entitled to the possession of the property in dispute, and we find the value to be five hundred dollars." The plaintiffs made a motion in arrest of judgment and for a new trial, which was overruled, and judgment was entered upon the verdict, "that the defendant have and recover of and from the plaintiffs herein the property taken upon the plaintiffs' writ of replevin herein, together with the costs of suit, taxed at forty-three dollars and thirty cents; said property to be released into the custody of the defendant."

It is evident from these records that there was no decision upon the merits of the respective claims of these parties to the property in question in either case. It is said in argument that in the former the petition of intervention was not filed until after the default was entered, and, being too late, was not considered. The record fails to show when it was filed, but it also fails to show any adjudication upon it. In the latter case the verdict and judgment are based solely upon the want of notice. The defendant's motion was in the nature of a motion for nonsuit, and the judgment,

being entered simply because of the want of notice, is one of dismissal rather than upon the merits. The basis upon which an adjudication bars a further action is that the same matter was or should have been adjudicated in the former case. The claims of these parties to this property were not, and, unless notice of ownership was waived, could not be, adjudicated in the former case between them. See, upon this subject: *Arnold v. Grimes*, 2 Iowa, 1; *McCormick v. Grundy Co.*, 24 Iowa, 383; *Pfiffner v. Krapfel*, 28 Iowa, 27; *Moomey v. Maas*, 22 Iowa, 380; *Standish v. Dow*, 21 Iowa, 363; *Delaney v. Reade*, 4 Iowa, 292; *Boyer v. Austin*, 54 Iowa, 402; *Atkins v. Anderson*, 63 Iowa, 739; *Griffin v. Seymour*, 15 Iowa, 30. As the evidence failed to show a former adjudication of any of the matters in issue in this case, there was no error in withholding that defense from the jury.

II. The appellant complains of the fourth instruction, wherein the court instructed that the description

2. CHATTEL mortgage: description of property: construction.

in the mortgage "is sufficiently specific to cover and embrace all property or goods sold by the plaintiffs to Dwyer, which are of the kind, nature and description usually and ordinarily kept in said drug stock," and that the "plaintiffs cannot recover, under the mortgage, any furniture or fixtures, nor for any goods or property, not ordinarily and usually understood as being included in the term 'drug stock.'" The invoice shows that there were many articles, such as lamps, lamp chimneys, burners, fixtures, glass, chinaware, toys, stationery, paints, varnishes and notions, kept in the stock. There was no evidence to show that such goods were ordinarily kept in the stock in controversy, or in connection with drugs. The appellant contends that it was the duty of the court to construe the mortgage, and instruct the jury what portion of the goods was included therein, and that the goods other than drugs proper should not have been included. Jurors, as well as courts, may act upon matters of common knowledge, and it certainly is a matter of common observation that such articles as are

enumerated in the invoice are usually kept for sale in connection with drugs in retail drugstores. We think the instruction was correct, and that the court properly left to the jury to say which of the articles was usually included in the term "drug stock."

III. The plaintiffs' mortgage was indexed as from "J. C. Dwyer," and the court instructed that the record did not impart constructive notice, "unless you find from the evidence that the defendant or the intervenors had actual notice of said mortgage." There was testimony showing actual notice of the mortgage shortly preceding the levy. The appellant complains of a refusal to instruct that if Olney & McDaid sold goods to Dwyer subsequent to the mortgage, and without notice thereof, and that the plaintiffs knowingly permitted Dwyer to purchase and intermingle such goods with the stock, they are estopped from enforcing their mortgage against the property. This instruction was rightly refused. There is no allegation of fraud against the plaintiffs. It is not claimed that they purposely concealed their mortgage by erroneously indexing it or otherwise. The attaching creditors had no lien upon the goods prior to their levy, and, if they had actual notice of the mortgage before the levy, they are bound by the mortgage. Instructions against which no objection is urged were given upon the subject of intermingling goods subsequently purchased. Both parties were creditors of Dwyer, and, in the absence of fraud, the attaching creditor is bound by the mortgage, if he had actual notice thereof before he made his levy.

3. ——: notice: erroneous index: rights of creditors.

IV. The appellant contends that, under the plaintiff's notice of ownership, they were only entitled to maintain the action as to the drugs. The notice is that they are "the owners of a certain stock of drugs by virtue of a chattel mortgage executed to us by J. C. Dwyer on August 1, 1885." It is true the description here used is "a certain stock of drugs," instead of "drug stock," as used in the mortgage; but by the notice reference is made to the

4. ——: notice of ownership: sufficiency.

mortgage, which discloses that it is "the drug stock," and not a certain stock of drugs, that is claimed. We think the notice was sufficiently specific to advise the officer what goods were claimed.

V. An invoice was taken of all the goods levied upon the next day after the levy, which invoice was in evidence. The appellant complains of the admission of this invoice in evidence, and permitting the jury to consider the same without limiting its use. In view of the instructions as to subsequently acquired goods, and the intermingling thereof with the original stock, and the testimony as to the identity of the original stock and subsequently purchased goods, there was no error in admitting the invoice, and permitting it to be taken by the jury under the instructions.

5. ——: additions to stock: invoice: evidence.

VI. The court, having instructed that the plaintiffs were not entitled to recover for goods added to the original stock after the mortgage was made, submitted special interrogatories, to all of which the jury did not directly answer, but returned with their verdict a statement in detail of the items, and the value of each, found by them to belong to the original stock, and answered that the additions amounted to from seven hundred dollars to twelve hundred dollars. This return is a complete answer to each of the interrogatories not directly answered by "Yes" or "No," and shows what of the goods levied upon belong to the original stock, and what was acquired after. The verdict and findings are in harmony.

VII. The appellant further contends that the verdict is contrary to the evidence in that the evidence does not support the finding as to goods belonging to the original stock. We think the evidence fully sustains the findings and verdict in that respect. It is asked: "How, then, were the jury to determine what stock was covered by the mortgage, and what not?" They could determine, from their common knowledge as to the kind of goods usually kept in "drug stocks," and by the evidence of witnesses identifying articles as

being of the original stock, or subsequently purchased, just what came under the mortgage, and what not.

Our examination of the case leads to the conclusion that the judgment of the district court should be AFFIRMED.