WILLIAM HEUSINKVELD, for and in Behalf of D. BRUINS, v. THE CAPITAL INSURANCE COMPANY OF DES MOINES, IOWA, Appellant.

**Plea and Proof:** INSURANCE Evidence that stipulated proofs of loss were waived is not admissible under a pleading alleging that such proofs were furnished.

**Statute of Limitation:** SECOND SUIT. Code, section 2537, provides that where actions fail without negligence on plaintiff's part, the bringing of a new suit within six months shall be deemed a continuation of the first. *Held*, this is not applicable where the first action fails because it is prematurely brought. So bringing it and prosecuting it is negligence.

*Appeal from Sioux District Court.*—HON. A. VAN WAGENEN, Judge.

TUESDAY, OCTOBER 8, 1895.

Action upon a policy of insurance against loss by fire. Verdict and judgment were rendered in favor of the plaintiff for four hundred dollars and interest. Defendant appeals.—*Reversed.*

*C. E. Campbell* and *C. C. & C. L. Nourse* for appellant.

*E. W. Robey* for appellee.

Given, C. J.—I.   The policy sued upon is in the usual form, and contains the following provisions, which are the only ones necessary to be noticed:   In case of loss the assured shall use all practical means to save and protect property not destroyed, and the company shall not be liable for damage caused by failure so to do.   The assured shall forthwith give written notice of the loss to the company, and within sixty days furnish a written statement of loss, under oath, to the secretary of the company's office in Des Moines, Iowa, stating when and how the loss originated; the amount of loss or damage on each item, separately; the actual cash value of the property damaged; a schedule of all other insurance, whether valid or not, upon any of the property, giving copies of the written portions of all policies thereon; the occupation of the premises in its several parts; the amount of incumbrance; and the nature of the interest of the assured and others in the property insured."   "This company shall not be liable hereunder for any loss or damage until notice and proofs of loss shall have been made as herein provided; and the taking of the proofs of loss or statements of assured, or any other act done by way of investigation into the matter of loss and the performance of this contract, shall not waive any condition of this policy, or any breach thereof."   "It is hereby agreed that no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity, unless commenced within six months next ensuing after the fire."

Appellant presents two questions stated as follows: "First.  The record shows this suit to have been com-

menced more than nine months after the fire, and that it is therefore barred by the limitation of the policy sued upon. Second. The petition of plaintiff alleges that he made due proof of loss, complying with his policy directions, which allegation is denied by defendant's answer; and upon trial the court below, over defendant's objections, erroneously permitted plaintiff to introduce evidence seeking to show waiver of proofs, when no issue of waiver was tendered by the pleadings."

II.    It is not questioned but that the parties had a right to agree upon the limitation expressed in the policy, nor is it questioned but that said limitation had expired before the commencement of this action. It appears in evidence that on September 15, 1893, an action, wherein this appellee was plaintiff and this appellant was defendant, was dismissed, without prejudice, on the defendant's motion, "upon the ground that the same was prematurely brought." Appellee cites section 2537 of the Code, and contends that therein, and under the facts, the limitation named in the policy is void, and that, this action having been brought within six months after said dismissal, it is not barred. Said section is found in the chapter on "Limitation of Actions," and is as follows: "If after the commencement of an action, the plaintiff fails therein for any cause except negligence in its prosecution, and a new suit be brought within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first." The court instructed that, "the second suit having been commenced less than six months after the first one was dismissed by the court against plaintiff's objection, this defense is not made out, and upon this defense you must find for the plaintiff." Appellant insists that it is not shown that the two actions were upon the same cause, and therefore section 2537 does not apply. It is true that neither the petition nor the original notice is in

evidence, but we think it is entirely clear, from the motion and demurrers filed by the defendant in that case, in connection with the record of dismissal and judgment, that both actions are based upon the same policy.

Appellant further contends that plaintiff failed in the prior action because of his own negligence in the prosecution thereof, and that the statute does not apply. It will be observed that at the time the first action was brought the plaintiff had no cause of action against the defendant. The commencement of that action was one step in its prosecution, and, notwithstanding that it was prematurely brought, the plaintiff proceeded in prosecuting it, even to the impaneling of a jury and the introduction of his evidence, when he might have, at any time, dismissed without prejudice and commenced a new action within the time limited. His failure in the first action was not because of any fault on the part of the defendant, but because of his own negligence in its prosecution. It may be that the action was brought through ignorance of the law; but even if such ignorance might excuse the bringing of the action prematurely, it certainly does not remove the negligence in proceeding in its prosecution, as was done in this case. We do not think it was the intention that the provisions of section 2537 should apply to such a case; for to so hold would make the section a protection, rather than a bar, to negligence in the prosecution of actions. Having reached this conclusion, it is unnecessary that we notice other claims made by the appellant in support of the first proposition submitted.

III. Plaintiff alleges in his petition that on January, 11, 1893, the building insured was entirely

destroyed by fire; that on January 12, 1893, he gave defendant due notice thereof; and "that within thirty days he made due proof of said loss, complying with his policy directions, and mailed the same to the company at Des Moines, first duly stamping the same." The only evidence offered in support of these allegations is, in substance, as follows: Plaintiff Heusinkveld states that he instructed Mr. Thompson, who was acting as his agent, to notify the company; thinks the company responded to the notice "in person or in writing, but would not be positive;" that about the latter part of January P. H. Moran, the local agent of defendant, and another man came to look after the matter; that they wanted to know what the St. Paul company had done. "I told him how we sent in estimates from two carpenters; got them to make estimates, and sent them in; and then I think Thompson sent one in just like it." He states that said agents did not leave any request in relation to proofs of loss, and on recall states as follows: "He asked me what the St. Paul company did, and I told him what they did. They got estimates made on the building by two carpenters, and that we sent them in to them; and then he told me I should wait, that he wanted to correspond with the St. Paul company before he would go any further. This was with reference to making proof. He asked me the names. If I recollect, he asked me the questions who made the estimates; and I told him; and that ended it. He only stopped about half an hour or so." He states that Moran introduced the man as a general agent, or solicitor of the company, and that he understood him to say that he was an adjuster. It is not shown that Mr. Thompson ever sent notice of the loss as directed, unless it may be inferred from the fact of the visit of the agents. There is no evidence whatever that proofs of loss, as required by the policy, were

ever furnished to the defendant, and it is not at all clear that even the carpenters' estimates were sent to defendant. The sole tendency of the evidence is to establish a waiver of proofs of loss, and it was therefore inadmissible under the pleadings. It is conceded that evidence of waiver is inadmissible under an allegation of performance. Whether the evidence is sufficient to establish a waiver had waiver been pleaded, we need not determine. Our conclusion is that the judgment of the district court must be *reversed*.