GEORGE D. HARRISON v. THE HARTFORD FIRE INSUR-
ANCE COMPANY, Appellant.

**Abatement:** FORMER ADJUDICATION. Code, section 2851, provides
that a finding must distinguish between matters pleaded in abate-
ment and in bar, and that the judgment, if rendered on the mat-
ter in abatement, and not on the merits, must so declare. *Held*,
that a judgment entry reciting that the court found the suit was
prematurely brought, and directed a verdict for defendant, suffi-
ciently shows that a judgment was rendered on a plea in abate-
ment, and hence is no bar to another action for the same cause.

**Limitations of Action by Contract.** A provision in a policy that no
suit thereon shall be sustainable unless commenced within twelve
months after the fire, is valid.

CONTINUATION OF FIRST SUIT: *Construction of statute.* Code, sec-
tion 2537, providing that if plaintiff fail in an action for any
cause except negligence in prosecution, and a new suit be brought
within six months thereafter, "the second suit shall, for the pur-
poses herein contemplated, be a continuation of the first," does not
apply to a stipulation in a policy requiring suit thereon to be
brought within a specified time after loss; and the second suit will
be barred unless commenced within the time so limited.

*Appeal from Louisa District Court.*—HON. BEN McCOY
Judge.

WEDNESDAY, MAY 12, 1897.

ACTION at law upon a policy of fire insurance.
Defense: Former adjudication, another suit pending,
and a contract limitation upon the suit. Trial to a
jury; verdict and judgment for plaintiff; and defend-
ant appeals.—*Reversed.*

*McVey & Cheshire* for appellant.

*D. N. Sprague* and *A. H. Stutsman* for appellee.

DEEMER, J.—The policy in suit was issued on the
eighteenth day of June, 1890, and the fire occurred on
the fourth day of October, 1892.   On the sixteenth
day of January, 1893, plaintiff commenced suit on the
policy in the district court of the county of Louisa.
The defendant removed this action to the federal
court, and on the twenty-seventh day of January,
1894, a trial was had, resulting in a directed verdict
for the defendant.   Thereafter, and on the twenty-
ninth day of May, 1894, plaintiff commenced another
action on the policy in the federal court.   To the last-
named petition, defendant filed a demurrer.   This
demurrer was sustained on the fifth day of July, 1894.
Thereupon plaintiff amended his petition, and on the
same day dismissed his action, without prejudice.   On
the twenty-fifth day of July, 1894, plaintiff commenced
this action upon the same policy in the district court
of Louisa county, Iowa; and at the trial which was
had   on   the   twentieth day   of   September,   1895,
recovered judgment in the sum of one thousand
nine hundred and ninety-nine dollars, and this appeal
followed.

I.   The first point relied upon by appellant is,
that the judgment rendered by the federal court on
the twenty-seventh day of January, 1894, is *res adju-
dicata*.   That case was tried to a jury, and
resulted in a directed verdict for the defendant.

The record of the judgment rendered upon the
verdict, is as follows:   "This day, this cause coming
on to be heard upon the motion of the defendant
heretofore filed, come the parties, attorneys, and jury
theretofore impaneled; and, the argument of counsel
being completed, upon consideration thereof by the
court, the court found that the suit was prematurely
brought under the statutes of Iowa, and thereupon
sustains the said motion, because the action was

commenced on the sixteenth day of January, 1893, con-
trary to the provisions of the statute of Iowa, section
3, chapter 211, of the Acts of the Eighteenth General
Assembly, and thereupon directed the jury to return
a verdict for the defendant, which they thereupon did,
in words and figures following, to wit: 'We, the jury,
by the direction of the court, find for the defendant.
[Signed] W. E. Steadman, Foreman.' It is there-
upon ordered, considered, and adjudged that the
defendant have and recover of the plaintiff the costs
of this suit, taxed at $10.45, and the clerk is directed
by consent of parties to tax, as a part of the costs
herein, the reporter's fees herein, at $10, each party to
pay one-half thereof." Appellee says, that the judg-
ment and the verdict, when construed with reference
to this record, clearly show that the action in the federal
court was abated, and not tried upon its merits, and
that it is no bar to this proceeding. Our Code pro-
vides that, "where matter in abatement is plead, in
connection with other matter not such, the finding of
the jury or court must distinguish between matter in
abatement and matter in bar, and the judgment
must, if it is rendered on the matter in abatement,
and not on the merits, so declare." Code, section 2851.
This section has been given a somewhat liberal inter-
pretation, and we have heretofore held, in effect, that
if it fairly and reasonably appears from the record,
that there was no trial upon the merits, and that the
judgment was upon a plea in abatement, it will not
be treated as a bar to another action for the same
cause. *Boyer v. Austin*, 54 Iowa, 402 (6 N. W. Rep.
585); *Atkins v. Anderson*, 63 Iowa, 741 (19 N. W. Rep.
323); *Kern v. Wilson*, 82 Iowa, 407 (48 N. W. Rep. 919).
It clearly appears from the judgment entry hereto-
fore set out, that the court found that the suit was
prematurely brought, and for that reason directed the
jury to return a verdict for the defendant. The idea

that the verdict and judgment was upon the merits is distinctly negatived. No citation of authority is needed to show that a judgment upon a plea in abatement is no bar to another action.

II. The defense of another suit pending is not relied upon here, and we give it no attention.

III. The policy in suit contained this among other provisions: "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." Defendant claims that this provision is a bar to plaintiff's action. It will be noticed that this action was commenced two years, nine months, and twenty-one days after the fire, and more than two years and six months after the ninety days in which plaintiff must have given notice and proofs of loss. Such a stipulation as that contained in this policy is valid in every state in the Union save Indiana. See *Carter v. Insurance Co.*, 12 Iowa, 287; *Vore v. Insurance Co.*, 76 Iowa, 548 (41 N. W. Rep. 309); *Moore v. Insurance Co.*, 72 Iowa, 414 (34 N. W. Rep. 183); *Heusinkveld v. Insurance Co.*, 95 Iowa, 504 (64 N. W. Rep 594); *Riddlesbarger v. Insurance Co.*, 7 Wall. 391; *Insurance Co. v. Whitehill*, 25 Ill. 382, and cases cited in 2 Wood, Insurance, section 460. There is no claim that this condition has been waived; hence plaintiff's action is barred unless there be something in his claim that section 2537 of the Code applies. That section is found in chapter 2 of title 17 of the Code of 1873, relating to limitation of actions, and is as follows: "If after the commencement of an action the plaintiff fail therein for any cause except negligence in its prosecution, and a new suit be brought within six months thereafter, the second suit shall

for the purpose herein contemplated be a continuation of the first." Statutes similar to this exist in many of the states, and the question has frequently arisen whether such a statute is applicable to a contract limitation such as the one in the policy in suit. The general tenor of the authorities is to the effect that it is not, for the reason that the rights of the parties arise out of contract which relieves them from the general limitations of the statute, and as a consequence from its exceptions also. See *Riddlesbarger v. Insurance Co., supra; Arthur v. Insurance Co.*, 78 N. Y. 462; *Association v. Norris* (Pa. Sup.) 8 Atl. Rep. 638; *McElroy v. Insurance Co.* (Kan. Sup.) 29 Pac. Rep. 478; *McIntyre v. Insurance Co.* (Mich.) 17 N. W. Rep. 781; *Insurance Co. v. Hocking* (Pa. Sup.) 18 Atl. Rep. 614; *Wilson v. Insurance Co.*, 27 Vt. 99; May, Insurance, section 483.

These further considerations make it clear to our minds that the statutory exception does not apply. The section quoted says in express terms that the second suit shall, for the purposes (therein) contemplated, be deemed a continuation of the first. What are the purposes therein contemplated? Manifestly, the statutory limitation; not the one created by contract of the parties. Again, the statute says that the second suit shall be deemed a continuation of the first. If it is so regarded, and the plaintiff is allowed to recover, we have the strange anomaly of a plaintiff being allowed to recover in an action which was confessedly prematurely brought. Such an effect was not contemplated by the legislature, and such a construction is entirely untenable. We do not think this statute has any application to the contract limitations provided in the policy. Appellee asserts with confidence that we have already committed ourselves to the doctrine that the statute is applicable to contract limitations, and he

cites the cases of *Jacobs v. Insurance Co.*, 86 Iowa, 145 (53 N. W. Rep. 101), and *Archer v. Railroad Co.*, 65 Iowa, 612 (22 N. W. Rep. 894). It is true, we said in the *Jacobs Case* that the condition in the policy and the statute must be construed together; but this statement was made with reference to the peculiar facts of that case. Timely action was brought upon the policy in that case. During the trial, a mistake in the description of the property was discovered, and plaintiff filed a substituted petition, asking reformation. This relief was granted. Thereafter plaintiff commenced a suit in equity, based upon the policy as reformed, and in the petition recited the facts as to the mistake in the policy, the action to reform, and certain other things as an excuse for his delay in commencing his suit. This last action was the one appealed to this court, and the statement we have quoted from the opinion has reference to this state of facts. It differs from the case at bar in two essential particulars. Here the original action was prematurely brought; there the action was timely. Here the defendant did nothing but insist upon its strict legal rights; there it denied the issuance of a policy upon the property destroyed, and compelled plaintiff to resort to an equitable suit for reformation before he could recover; and suit was brought on the policy as reformed within thirty days after the decree was rendered. Moreover, it affimatively appears from the opinion that the question as to the inapplicability of section 2537 was not raised; and the statement we have quoted is practically all that is said regarding the matter. The *Archer Case* in no manner decides the question. This statement appearing therein, "This section does not enlarge or extend the statutes of limitations but simply provides that another action may be brought and maintained if the original action could have been brought and maintained if commenced at that time,"

has reference to section 2844 of the Code, and not to section 2537; and what is said regarding section 2537 relates to the ordinary statutes of limitations. In the cases of *Heusinkveld v. Insurance Co.*, 95 Iowa, 504 (64 N. W. Rep. 594), and *Wilhelmi v. Insurance Co.*, 68 N. W. Rep. 782, we assumed, without deciding, that section 2537 applied to contract limitations, but in each case we held that the statute did not save the action. A re-hearing has been granted in the *Wilhelmi Case*, and it is no longer authority. In the *Heusinkveld Case* we said, in effect, that it was unnecessary to decide the question, for that plaintiff was guilty of such negligence as barred him of relief. In no case, then, unless it may be in *Jacobs v. Insurance Co.*, have we squarely decided the question presented by this record; and if it be said that the *Jacobs Case* is in point, and holds to a contrary doctrine from that announced in this opinion, it is to that extent overruled. The record in this case clearly shows that plaintiff failed in his original suit because of negligence in prematurely prosecuting it. No excuse for his haste is shown. In view of these facts, we might well have found that he did not bring himself within the statute, and abstained from deciding the point as to the applicability of the statute relied upon to such cases. We have thought it advisable, in view of the great number of cases which are continually arising, wherein it is sought to make this statute applicable, to authoritatively decide the question, and thus put it at rest. Our conclusion is that this statute does not apply, as a general rule, to limitations by contract; and it follows that plaintiff's action is barred.—REVERSED.