OF THE

## STATE OF IOWA.

AT

## DES MOINES, MAY TERM, A. D. 1903.

AND IN THE FIFTY-SEVENTH YEAR OF THE STATE.

---

REEVES & COMPANY, Appellants, v. LAMM BROS., GEORGE LAMM AND MARTIN LAMM.

Assignments of Error. A single assignment of error in sustaining a motion for a new trial or in arrest of judgment, as to each and every ground thereof, is not as specific as is required by Code, section 4136.

Sale of Machinery: PREMATURE SUIT. Where a contract for the sale of machinery provides that a note for a stated amount and falling due at a specified time shall be given in part payment, and upon failure to give the note the contract shall stand as the obligation of the purchaser, having the same force as the note, a suit on the contract brought prior to the time the note would have matured is premature.

*Appeal from Hardin District Court.*—HON. J. R. WHITAKER, Judge.

TUESDAY, MAY 12, 1903.

(283)

ACTION to recover under contract for purchase price of a separator and other machinery, and also on account for the value of said machinery and other items. Verdict for plaintiffs. Motions in arrest of judgment and for a new trial were sustained, and plaintiffs appeal. — *Affirmed.*

*Huff & Huff* and *Theo. F. Bradford* for appellants.

*J. H. Scales* for appellees.

McCLAIN, J.—In a motion submitted with the case appellees ask that the action of the trial court sustaining the motion for a new trial and the motion in arrest of judgment be affirmed on the ground that the assignments of error are not sufficiently specific. These assignments in full are as follows: "First. The court erred in sustaining motion for new trial and in sustaining each and every paragraph and assignment thereof numbered from one (1) to fifteen (15), both inclusive. Second. The court erred in sustaining defendants' amendment to motion for new trial, and in sustaining each and every paragraph and assignment thereof. Third. The court erred in sustaining the defendant's motion in arrest of judgment and in sustaining each and every paragraph and assignment thereof numbered from one (1) to four (4), both inclusive." We have distinctly held in former cases that one single assignment of error in the sustaining of a motion for new trial as to each paragraph or ground thereof 1. ASSIGN-MENTS of error. is not sufficiently specific. This was expressly ruled in *Huss v. Chicago G. W. R. Co.*, 113 Iowa, 343, where it is said that, while exceptions may be taken in this way, assignments of error cannot thus be made. And see, also, *Fitch v. Mason City & C. L. Traction Co.* 116 Iowa, 716, and *Nordine v. Rosengreen*, 89 N. W. Rep. 103. If the appellant desires to insist that the court erred as to each ground of the motion for a new trial,

he must properly assign the error as to each ground in a separate assignment. This is for the reason that the statute (Code, section 4136) requires that "among several points made in demurrer, motion, instructions, or rulings, the one, or those, relied upon must be separately stated." In a case like this, unless the court sustaining the motion for new trial was in error in sustaining it as to each separate ground, then there can be no reversal, and this necessitates the assignment as specifically as possible of the error committed in the ruling as to each ground, assuming that the court sustained the motion on that specific ground. Of course, if the court sustained the motion only as to certain designated grounds thereof, then the assignments of error should be only with reference to the designated grounds on which the motion is sustained. But, if two or more grounds are designated on which the motion is sustained, or it is sustained generally, then a separate and specific assignment must be made as to each ground thus designated, or all the grounds, if more are designated. The same reasoning applies to the different grounds of motion in arrest of judgment, and it was not sufficient to assign error in the sustaining of that motion, including the sustaining of the four grounds of such motion, in one assignment. The assignments of error being entirely insufficient, the action of the trial court should be affirmed.

Without regard to the objection made to the assignments of error, the action of the trial court was in one respect, at least, evidently correct. The objection urged **2. SALE of machinery; premature suit.** as one of the grounds for motion in arrest of judgment was that the action was prematurely brought. This was an objection which could be raised by demurrer, and, though not raised by demurrer, might be the basis of a motion in arrest of judgment. Code, section 3563. The action was clearly premature, because as to a portion of the purchase price it was

-stipulated in the contract that a note therefor should be given payable at a date subsequent to that at which the .action was brought, and it was further stipulated that, if no note were given, on the failure of the purchaser "to ·execute and deliver" said note, "this order shall stand as ·the purchaser's written obligation, and have the same force and effect" as a note. The failure of the purchaser to give the note, which was specifically described as to amount, rate of interest, and time of maturity, could not, therefore, under this contract, make the amount for which the note was to be given due and payable at an earlier date than that named as the time of maturity of the note, for the contract was simply to stand as a substitute for the note, and to be as effectual as though a note had been given.

The action of the trial court is AFFIRMED.