REEVES AND COMPANY, Appellant, v. LAMM BROTHERS AND OTHERS, Appellees.

**Judgment:** PRESUMPTION AS TO GROUND OF DECISION: CONCLUSIVENESS. Where a plea of abatement is joined with other defenses going to the merits of the action, the judgment, if based on matter in abatement and not upon the merits of the controversy, must so declare; and where no such entry appears in the record, either by express words or reasonable implication, the appellate court will presume that the judgment was upon the merits, and is conclusive in a subsequent suit on the same cause of action.

**Sales:** OFFER TO DELIVER: OBLIGATION TO ACCEPT. A purchaser of machinery is under no obligation to receive and settle for machinery which at the time of tender and demand for settlement is concededly defective; and until an adequate tender is made the provisions in the order relative to acceptance, settlement and warranty, are ineffective.

*Appeal from Hardin District Court.—* HON. W. D. EVANS, Judge.

WEDNESDAY, JULY 3, 1907.

ACTION upon a written order given for a threshing machine outfit. Verdict and judgment for defendants, and plaintiff appeals.— *Affirmed* on plaintiff's appeal, and *reversed* on defendants' appeal.

*Huff & Huff* and *Carr, Hewitt, Parker & Wright,* for appellant.

*J. H. Scales,* for appellees.

WEAVER, C. J.— On September 3, 1901, Martin Lamm and George Lamm were engaged in business as dealers in agricultural implements at Ackley, Iowa, and one or both of the partners owned or occupied farm lands in that vicinity. As a firm they were also the local agents of the plaintiff company for the sale of its threshing machines. On the date named said firm signed and delivered to an agent of the plaintiff an order for a threshing machine outfit, consisting of a separator, with band cutter, and feeder and other attachments, for an aggregate agreed price of $1,040, which machinery the said brothers agreed to receive, pay freight charges thereon from a named point, and at the same time settle for said property by the delivery of certain other property in exchange and by paying the difference of $566.25 in cash or in note due December 1, 1901. The order provided that the shipment should be made to the purchasers in care of Lamm Bros. at Ackley, and also contained a clause in the following words: " And failing to receive said machinery, or to pay said moneys or to execute and deliver said notes, this order shall stand as the purchaser's written obligation, and have the same force and effect as notes, for all sums not paid in cash; and Reeves & Co. shall be discharged from any and all liability under the warranty or otherwise." To the order there was attached a printed form of warranty, to the terms of which we need not further refer at this time.

After the receipt of this order, plaintiff shipped a machine to Ackley, but the fact as to whom the consignment was made is a matter of dispute. It is the claim of defendants that, instead of shipping the machine to them, as provided in the order, plaintiff made the shipment in its own

name, but in care of the defendants, and at the same time notified the defendants that it would send an agent to assist in setting it up and starting its operation.   Whatever may be the truth as to this, it is undisputed that the machine did arrive at Ackley; but, according to the contention of the defendants, it arrived in a broken and incomplete condition, and they deny that they ever accepted it or became in any manner responsible for its price.   One or more agents of the plaintiff followed the machinery to Ackley and took some part in setting it up, but there is a sharp conflict in the testimony concerning the details of the transaction at this point.   It is conceded, however, that certain parts of the outfit were found to be broken or defective, and time was taken by the agent to send for repairs.   A few days later, another agent appeared, who says, in substance, that he advised defendants that the trouble with making the machine work was owing to a misplacement of the grate under the cylinder, and that the machine was not speeded right and required a smaller pulley, and he proposed that, if defendants' would first execute and deliver their note for the purchase money, he would proceed to remedy the defects and make the machine work.   Defendants refused to execute or deliver the note until the machine was put in condition for successful operation.   There was also some controversy over a matter of freight.

These disputes not being adjusted, plaintiff at once instituted an action at law on said written order, alleging the delivery of the machinery in accordance with the terms of the writing and defendants' refusal to settle for the same, and asking judgment for the contract price.   To that action the defendants appeared and pleaded to the merits, denying the delivery of the machine and the performance of the conditions on part of the plaintiff.   They also pleaded a warranty of the machine by the plaintiff, and a breach thereof, and a rescission of the order on account of such breach.   On trial of these issues there was a verdict for the plaintiff, after

which the defendants filed a motion in arrest of judgment, on the ground that the verdict was not supported by the evidence, was contrary to law, and that the action had been prematurely brought. This motion was sustained, and a judgment entered against plaintiff for costs of suit. Neither the ruling on the motion nor the entry of judgment for costs indicates whether such order or judgment was based upon the merits of the case, or upon the matters claimed in abatement. Plaintiff appealed from said judgment to this court, where the action of the district court was approved and affirmed in an opinion holding that the action had been prematurely begun. *Reeves & Co. v. Lamm,* 120 Iowa, 283. Thereafter this suit was begun on the same alleged cause of action, and defendants having pleaded substantially the same defenses, also set up, by way of further answer, the judgment entered in the former case as a full and complete prior adjudication of the matters in controversy. This issue of prior adjudication was by agreement of the parties submitted to the court without a jury and decided against the defendant. Trial then proceeded to a jury upon other issues, and there was a verdict and judgment for the defendants. The plaintiff has appealed from said judgment and defendants have also appealed from the ruling against them on their plea of prior adjudication.

I.    As the last-mentioned appeal, if well founded, will determine the rights of the parties, we give it first attention. It must be admitted that the issue presented by the answer in the first case went to the right of the plaintiff to recover upon the merits of the controversy. The motion in arrest of judgment raised the same propositions, and the further distinct proposition that the action should be abated as having been prematurely brought. As already stated, the district court sustained this motion generally, and in entering judgment against the plaintiff for costs did not indicate in any manner whether the same was grounded upon the merits

1. JUDGMENTS: presumption as to ground of decision: conclusiveness.

of the case or upon the matter in abatement. Our statute (Code, section 3771) provides that: "Where matter in abatement is pleaded in connection with other matter which is not such, the finding of the jury or court must distinguish between the matter in abatement and matter in bar, and the judgment must, if it is rendered on matter in abatement and not on the merits, so declare."

Under this provision we have held that, where no such entry or declaration appears in express words or by reasonable implication in the record, this court is bound to presume that the judgment was upon the merits. *Garrettson v. Ferrall,* 92 Iowa, 728. In each case where we have refused to apply this rule, it was made to clearly appear from the record of the district court that the prior judgment was based solely upon the matter in abatement. *Boyer v Austin,* 54 Iowa, 402; *Atkins v. Anderson,* 63 Iowa, 741; *Kern v. Wilson,* 82 Iowa, 407; *Harrison v. Ins. Co.,* 102 Iowa, 112. In the *Garrettson* case, *supra,* we also held that we could not dispose of such question by reference to the opinion of this court upon an appeal from the former judgment, but the same must be disposed of solely from the record presented in the instant case. Unless we are to disregard this statute and overrule our precedents thereunder, there seems to be no escape from the conclusion that the defendants' plea of former adjudication was well grounded, and that the trial court erred in overruling it. This holding in no manner disturbs the authority or value of those precedents, which hold that, under some circumstances, where two or more issues are joined in the same action, and the judgment does not clearly indicate whether all were considered and decided, extrinsic evidence may be admitted to determine that fact. *Sawyer v. Woodbury,* 7 Gray (Mass.) 499 (66 Am. Dec. 518); *Bridge v. Gray,* 14 Pick (Mass.) 55 (25 Am. Dec. 358); *Bottorff v. Wise,* 53 Ind. 32; Phillips, Code Pleading, section 483. Our Code provision above cited goes no further than to provide a special rule to be observed where matters

in abatement are coupled with matters in bar. Whether in any case parol testimony may be admitted to cure the omission of the trial court in this respect is a question not presented by this appeal.

II. The conclusion announced in the foregoing paragraph renders it unnecessary for us to enter upon a discussion of the questions raised by the plaintiff's appeal. We may say, however, that there is evidence tending to show that, instead of shipping the machine to the defendants in accordance with the terms of the order, plaintiff shipped the same in its own name, with the intention not to relinquish the right to its possession and control until settlement had been made and note and mortgage for the purchase price delivered. There is also evidence tending to show that, before such delivery or surrender of possession was effected, certain defects were found in the machine and its operation, and that plaintiff, while recognizing such defects, insisted upon settlement for the price being first made before it would attempt to remedy them.

*2. SALES: offer to deliver: obligation to accept.*

Now, while the order did expressly provide that defendants would receive a machine sent in accordance with such order, and thereupon settle for the same upon the terms agreed, and that upon failure so to do the order should stand as and for a written obligation to pay the price, and plaintiff be relieved from all obligation upon its warranty, we think they were under no obligation to accept and pay for a machine which at the time of the tender thereof and demand for settlement was obviously or concededly defective. If the machine answered the description contained in the writing, with no apparent or known defects of material character, it was the right of plaintiff to tender its delivery and demand a settlement of the purchase price, and defendants would not be justified in refusing to make such settlement simply because they had not tested the working capacity of the machine; but such the jury were justified in finding was

not this case.   According to the testimony in the defendants' behalf, the possession and control of the machine was not surrendered or abandoned by the plaintiff until after it had by its agents attempted to operate it and demonstrated that it could not be made to operate successfully, and thereafter the demand of which we have spoken was made, coupled with a promise to remedy the defects after settlement should be made for the purchase price.   Under such circumstances, the terms and conditions of the warranty we think are not material.   It being demonstrated in advance that the machine was not what was ordered, the sale was never consummated by delivery or by a tender which has the effect of delivery.   Until such delivery or adequate tender was made, the agreement for a warranty never became effective.   *Parsons v. Mallinger,* 122 Iowa, 703.   True, the facts in these respects, or most of them, were the subject of dispute on the trial; but, there being evidence on which to support a finding in the defendants' favor, the verdict thereon is to be taken as correct.   Of the rulings upon the admission of evidence, while some are close, we think none involve reversible error, and, in view of our conclusion upon other facts mentioned, we shall not discuss them.

It is also objected that the contract was divisible, and that, even if the separator did not fill the order, defendants should be held for the price of the stacker and feeder.   If the defense was grounded upon a right to rescind because of a breach of warranty, the point here raised by counsel would require consideration, and might not be altogether easy of solution; but, as we have already seen, if the transaction between the parties never reached the point where defendants were under obligation to accept and settle for the machine, then no rescission was required.   Nor is there any claim by plaintiff that it offered or proposed a delivery of the different items of machinery severally, or that it was ever ready or willing to accept a settlement on any other terms than for the purchase price of the outfit as a whole.

For the reasons stated, the judgment of the district court is *affirmed* upon the plaintiff's appeal, and *reversed* upon the appeal of the defendants.