**LUCAS, Admr. v LIFE INSURANCE CO. OF VIRGINIA**

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3440. Decided Feb. 11, 1942.

David H. Thomas, Columbus, for plaintiff-appellant.

Vorys, Sater, Seymour & Pease, Columbus, for defendant-appellee.

**OPINION**

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

Plaintiff's decedent died on the 30th day of June, 1931, intestate, and then being about fifty-three years of age. Clyde A. Lucas was duly appointed administrator of the estate of said Frank L. Lucas on March 16, 1941.

On or about February 23, 1931, the decedent then in full life took out two insurance policies with the defendant company, both being identical in amount and all conditions. The premium charge was 38c per week, and the face of the policy was $250.00 in each instance. All premiums accruing on the policies were paid and all conditions precedent performed.

Plaintiff filed his petition for recovery on two insurance policies on March 8, 1941, being the same date as his appointment.

An amended petition was filed on April 15th; defendant's answer on April 25th; plaintiff's reply on May 8th; and an amended reply on June 20th. Defendant's answer in a second defense sets out the following:

"For its second defense * * * defendant reaffirms all the allegations, admissions and denials contained in its first defense as if the same were fully rewritten herein and says further that said policy contains the following provision which was a part of said policy contract: '10th. LIMITATION—No suit shall be brought against the company after one year from the date of the death of the insured.' This action was commenced on March 8, 1941, more than one year after the date of the death of Frank L. Lucas, the insured."

In plaintiff's amended reply appeared the following:

"**Reply to Second Defenses.** For his reply to the second defenses of the defendant, plaintiff admits that said policies each contained the clause set forth in the second defense of the answer, and avers that on the 30th day of June, 1932, a suit being cause No. 134,726 was filed in the Court of Common Pleas of Franklin County, Ohio, wherein Leach & Slyn, a partnership, was the plaintiff, and the Life Insurance Company of Virginia was the defendant; that said action was to enforce payment of the same policies now the subject of this action; that said action terminated on the 22nd day of March, 1933, when the court sustained a demurrer holding that the said Leach & Slyn had no right of action of said policies."

Defendant demurred to plaintiff's reply to second defenses, which demurrer was sustained on the ground that the averments were not good in law, and plaintiff not desiring to plead further the trial court entered final judgment dismissing the plaintiff's petition.

This is the sole and only question presented to us for review.

The identical question has been before the courts of Ohio on different occasions.

In the case of **Bartley v National Business Men's Assn., 109 Oh St 585**, a

policy of insurance was involved and it was there held that a contractual limitation providing, "no action shall be maintained on this certificate after the expiration of two years from the date when the final proof of claim is filed with the association", constitutes a valid limitation and where suit was not instituted within the time specified a judgment on the pleadings in favor of the defendant was properly entered.

The case of **Appel v Insurance Company, 76 Oh St 52**, also involved the contractual limitation contained in a fire insurance policy and therein the Supreme Court affirmed the judgment in favor of the insurance company by reason of the fact that suit was not brought until after the expiration of the contractual specified time. Also, the same principle is announced in the case of **Corn City Insurance Company v Schwan, 10 C. C. 192**; also for very full discussion on the same question, see **Meyer v Metropolitan Life Ins. Co.** (Superior Court of Cincinnati), **7 N. P. 480.**

Another Ohio case bearing on the question as to whether or not the contractual limitation was complied with is that of **Prudential Ins. Co. v Howle, 19 C. C. 621**. In this reported case the policy provisions, among other things, read: "nor unless such suit or action shall be commenced within six months next after the decease of the person insured under this policy".

Plaintiff sought to avoid the effects of the contractual limitation by alleging that a former action had been brought on said policy within six months from the death of the insured. The Court held that the fact of a former action was immaterial, and on page 622 made the following statement:

"This action was commenced more than six months after the death of the assured and can not therefore be sustained. The former action, brought by Henry Howle within six months from the death of the insured which failed because not brought by the proper plaintiff does not operate to extend the time in which this action could be brought either by force of the statute or by proper construction of the policy. These propositions are supported by the decided weight of authority. We refer to a few of the cases examined: 103 Iowa, 532; 18 Atl. 614; 7 Wallace 386; 27 Vt. 99; 102 Iowa 112."

Counsel for plaintiff-appellant cite and place great reliance upon the case of Madison Insurance Co. v Fellows, first decided in June, 1856, and reported in 1 Disney 217, and decided the second time at the April Term, 1858, and reported in 2 Disney p. 128. These two cases are very old. At the time of their decision we were still operating under common law pleadings. The Ohio Code of Civil Procedure had not yet been adopted. It was the determination of the Superior Court that while two suits were filed, yet it was in fact a continuous prosecution of the one claim. A reading of the entire text in these two reports in 1st and 2nd Disney will very quickly demonstrate the reason for the ruling and the distinguishing features from the instant case.

In the case at bar the parties were entirely different and the bringing of the second action could not be considered a continuous prosecution of the original claim.

More than eight years have expired from the time of the dismissal of the action brought by Leach & Slyn until the institution of the suit by the administrator. We have no difficulty in determining that the trial court acted properly in sustaining defendant's demurrer to plaintiff's reply and also in entering final judgment.

Finding no prejudicial error the judgment of the trial court will be affirmed and costs in this Court will be adjudged against the plaintiff. Cause will be remanded for collection of costs and such other and further proceedings as may be authorized or required under the law.

GEIGER, PJ. & HORNBECK, J., concur.