## THOMAS BROWN *v.* THE ROGER WILLIAMS INSURANCE COMPANY.

## THOMAS BROWN *v.* THE HARTFORD INSURANCE COMPANY.

To a declaration on a policy of fire insurance to recover a loss, the plea alleged, that the policy expressly provided, "that no suit or action of any kind against the defendant for the recovery of any claim upon, under or by virtue of the policy, should be sustainable in any court of law or chancery, unless such suit or action should be commenced within the term of twelve months next after the cause of action should accrue; and in case any such suit or action should be commenced against the defendant after the expiration of twelve months next after the cause of action should have accrued, the lapse of time should be taken and deemed as conclusive evidence against the validity of the claim so attempted to be enforced; and that the plaintiff did not commence his action against the defendant within twelve months next after his cause of action accrued to him." To this plea the plaintiff replied, "that within twelve months next after his said cause of action accrued to him, he commenced his certain suit or action for the recovery of his loss or damage by him sustained in consequence of the non-performance by the said defendant of the said several promises and undertakings in said declaration mentioned, in the names of Bourn & Brown, trustees to this plaintiff, to wit, at the March term of this court, A. D. 1856; which said suit was by the defendant, under the act of Congress in such case made and provided, removed into the Circuit Court of the United States for the District of Rhode Island, at the June term thereof, A. D. 1856; and at said term the defendant pleaded, that the subject matter of said suit had been settled by an award of arbitrators, and that the defendant never promised as in the declaration in said case was alleged; and upon issue joined upon said plea a verdict was rendered for the plaintiff, and judgment was arrested in said cause upon the motion of the defendant, notwithstanding such verdict. And the plaintiff avers, that the said suit was commenced by himself and for his benefit, and was for the same cause of action for which this suit or action is brought and

Brown *v.* Roger Williams Insurance Co.  Brown *v.* Hartford Insurance Co.

pending; and that he commenced this action as soon as he reasonably could after the judgment was arrested in said suit in the name of Bourn & Brown, trustees as aforesaid, in said Circuit Court of the United States:" *Held,* upon general demurrer to this replication, that it was no answer to the plea, because this suit was no continuation of the suit in the Circuit Court; nor did it appear from the pleadings that the clause of limitation in the policy was qualified, in case of arrest of judgment, as the general limitation was by the fourth section of the statute of James, and the eighth section of the Rhode Island general statute of limitations.

ASSUMPSIT upon a policy of insurance effected with the defendants, by which the latter insured twenty-five hundred dollars on their stock, as contained in the rubber works of Bourn & Brown, situated on Dorrance street, in Providence, R. I. ; in case of loss or damage by fire, the amount to be paid to Thomas Brown, as per application on file.

The declaration, which was in common form, averred a loss by fire of the goods insured to have taken place on the 13th day of April, 1855, during the continuance of the policy.

The third plea to the first count in the declaration was as follows:—" And for a further plea in this behalf, as to the first count in the plaintiff's declaration, the defendant by leave, &c., saith, that the plaintiff ought not to have or maintain his aforesaid action thereof against the defendant, because the defendant saith, that in and by the said policy in the said declaration mentioned, it is expressly provided, that no suit or action of any kind against the defendant for the recovery of any claim upon, under, or by virtue of said policy, should be sustainable in any court of law or chancery, unless such suit or action should be commenced within the term of twelve months next after the cause of action should accrue ; and in case any such suit or action should be commenced against the defendant after the expiration of twelve months next after the cause of action should have accrued, the lapse of time should be taken and deemed as conclusive evidence against the validity of the claim thereby so attempted to be enforced. And the defendant, in fact, saith, that the plaintiff did not commence his aforesaid action against the defendant within the said period of twelve months next after his, the plaintiff's, said cause of action (if any) accrued to him, and this the defendant is ready to verify ; wherefore, he prays judgment if

the plaintiff ought to have or maintain his aforesaid action thereof against the defendant, &c."

The fifth replication, which was pointed at this plea, was:— " And the plaintiff further says, as to the said third plea by the defendant above pleaded, that the said plaintiff, by reason of any thing by the said defendant in said plea alleged, ought not to be precluded and barred from having and maintaining his action aforesaid thereof against him, because he says, that within twelve months next after his said cause of action accrued to him, he commenced his certain suit or action for the recovery of the loss and damage by him sustained in consequence of the non-performance by the said defendant of the said several promises and undertakings in said declaration mentioned, in the names of Bourn & Brown, trustees to this plaintiff, to wit, at the March term of this court, A. D. 1856, which said suit was by the defendant, under the act of Congress in such case made and provided, removed into the Circuit Court of the District of Rhode Island, at the June term thereof, A. D. 1856 ; and at said term, the said defendant pleaded, that the subject matter of said suit had been settled by an award of arbitrators, and that the defendant never promised, as in the declaration in said case was alleged ; and upon issue joined upon said plea, a verdict was rendered for the plaintiff, and judgment was arrested in said cause upon the motion of the defendant notwithstanding such verdict ; and the plaintiff avers that said suit was commenced by himself and for his benefit, and was for the same cause of action for which this suit or action is brought and pending ; and the plaintiff avers, that he commenced this action as soon as he reasonably could, after the judgment was arrested in said suit in the name of said Bourn & Brown, trustees as aforesaid, in said Circuit Court of the United States, and this he is ready to verify ; wherefore he prays judgment, and his damages, &c."

To this replication the defendant demurred generally, and the plaintiff joined in the demurrer.

*Bradley & Metcalf, for the defendant :—*

I. The record must be construed by the court, and by that it appears that the actions in the Circuit Court and in this court are not by the same party, or by his successor, in the sense

of the law, so that the one shall prevent the other from being barred by the statute of limitations.

II. The provision in the contract of insurance contains no exception for such a case as is set up in the replication, and no exception whatever; and it is not the province of the court to modify that contract, or insert such an exception.

III. The exception in some statutes of limitation, in this regard, can no more be introduced into this case than the other provisions of such statutes making six years, for instance, rather than one year, the period within which suit is to be brought.

IV. All the analogies of the law are against this replication. The principle is, that one suit wrongly brought and dismissed for causes other than those specifically named in the statute, or abated by the death of the plaintiff, does not prevent the bar of the statute in another case, as in cases of nonsuit. Angell on Limitations, § 328, and cases cited. So, where a suit in chancery is dismissed because there is a remedy at law. Ibid, § 329. And even where an injunction has been granted. Ibid, § 329.

*T. A. Jenckes, for the plaintiff:*—

I. The law limits the bringing of actions on contract to six years, the contract, in this case, to one. The suit was brought within the time limited in the contract, in which no judgment has been rendered, but a perpetual stay of proceedings interposed by an arrest of judgment after verdict. The case having been originally commenced in this court, the result is the same as if arrived at here. Under the plaintiff's replication, this proceeding upon the contract is, in effect, one continuous suit. The terms of the contract are satisfied if suit is commenced within twelve months after the loss or damage shall have occurred; and if no judgment has ever been rendered in favor of the defendants, but they have taken advantage of a technical defect to suspend judgment against them, and further proceedings are instituted to avoid the technical defects, the plaintiffs are violating the spirit and letter of their contract, and endeavoring to use it for a harsh and illegal purpose, when they attempt to set it up in bar of such further proceedings. The language of the stipulation is, that the lapse of time, without suit, " shall be taken and deemed as conclusive

evidence against the validity of the claim." Where suit has been commenced within the time, and it has failed to result in a judgment for either party, the lapse of time cannot be held to be conclusive, or even presumptive, evidence as to the validity of the claim. This stipulation as to time has already been sustained against the authority of learned courts and amid conflicting decisions, and its effect should not be amplified.

II. The declaration sets forth the policy, and the stipulation relied upon is part of the record. The plea is bad, because it does not follow the stipulation. The language of the stipulation is, that suit must be brought within "twelve months next after the loss or damage shall occur." The plea avers, that the suit was not brought within twelve months next after his, the plaintiff's, cause of action (if any) accrued to him. As this contract is an attempt to vary the rights of the parties from what they would be under the statute law, it must be construed strictly and pleaded with exactitude. The stipulation set up in the plea is widely different from that in the policy, is a fatal variance from it, and furnishes no defence to the declaration.

AMES, C. J. There is no pretence that the present is a continuation of the former suit upon the same policy, commenced in this court and removed into the Circuit Court of the United States, in the sense in which the term *continuation* is used under general statutes of limitation. That suit was brought in the name of other plaintiffs; and after verdict for them, judgment was, for some cause not explained in the replication here demurred to, arrested upon motion of the defendant. Nor can we notice the variance adverted to in the argument of the plaintiff, between the clause of limitation as pleaded and as contained in the policy; since we have nothing to go upon for this clause except as it is pleaded and replied to. We have already decided in these very suits (5 R. I. 394) that the clause of limitation pleaded has force as a condition of the policy; and the replication shows no such qualifications of this condition as those contained in the fourth section of the statute of James, or the eighth section of our own general statute of limitations. The statute of limitation has no application, in any of its provisions, to the clause in question; and, indeed, the only argument against the clause is, that it sets

up for the contract a different law of limitation from that which the statute imposes. We have held that the contracting parties have a right to do this in reference to a policy of fire insurance ; and we know no right that we have, from considerations of general equity, to import into their contract qualifying terms, which they have not seen fit to adopt.

The demurrer to this replication is sustained, and the replication overruled.