# Keystone Mutual Benefit Association *versus* Norris to use of Spangler.

1. An insurable interest in the life of another such as will take the policy of life insurance out of the wager-class, must arise from the relation of the party taking the insurance, to the insured either as surety or debtor, or from the ties of blood or marriage, so that from the relation thus established, there may be some expectation of benefit or advantage in the continuance of the assured life.

2. A policy of insurance on the life of another taken by one who had an

[Keystone Mut. Benefit Ass'n v. Norris.]

insurable interest in it for the purpose of assigning it to another, who had no such insurable interest, which purpose was effected, makes said policy in the hands of the assignee a wagering policy upon which an action cannot be maintained.

3. A clause in a policy of life insurance limiting the right to begin an action upon the same to one year from the death of the assured is not suspended by bringing an action within a year from the death of the assured in a court which had no jurisdiction of the defendant. So that an action brought after more than one year from the death of the assured, but within a year after a suit brought in a court which had no jurisdiction of the defendant cannot be maintained.

February 16th, 1887.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lehigh county :* Of January Term 1887, No. 271.

This was an action of debt by Charles Norris to the use of Jacob R. Spangler against The Keystone Mutual Benefit Association on a policy of life insurance on the life of Louisa Rausch.   Plea *nil debet.*

The following are the facts of the case as they appeared on the trial before ALBRIGHT, P. J.

On August 6th, 1878, an application for life insurance was made to The Keystone Mutual Benefit Association, which purported to have been made by Louisa Rausch, of York, Pa. The Association, on the 29th of August, 1878, issued a policy, for $1,000, payable to Charles Norris, her son-in-law.   On the 16th of September, 1878, Norris assigned all his right, title and interest in the policy to Dr. Jacob R. Spangler, of York, Pa.   It was understood between Mrs. Rausch and Dr. Spangler, before the application was made, that it was to be taken out in the name of Charles Norris as the beneficiary, because Dr. Spangler was the medical examiner of the Association and could not take it in his own name, and that it was to be assigned by Norris to Spangler.   All of the assessments and annual premiums were paid by Spangler, whose assignment was accepted by the Association, and it was entered on their books.   Spangler admitted that he had no interest in the life of the assured.   Norris admitted that he assigned the policy because it was understood that as Spangler was to keep it up it was for his benefit.

The policy contains the following condition: "No suit or action at law, under this contract, shall lie against this Association, unless the same be brought within one year from and after the death of the insured; and this policy is issued, and accepted, upon the express condition, that said period of time be the limit of the right of action at law under this contract." Mrs. Rausch died in Baltimore, Md., October 28th, 1882. This suit was not brought until March 14th, 1885, two years and

nearly five months after the date of the death of the insured. The plaintiff sought to avoid the legal effect of his failure to bring suit by setting up the following facts; On March 10th, 1883, Dr. J. R. Spangler, in his own name, brought suit upon this policy in the Common Pleas of York county. As Mrs. Rausch did not die in that county, and as the principal office of the Association was in Lehigh county, the Court of Common Pleas of York could not obtain jurisdiction of the person of the defendant, through a service made by the Sheriff of Lehigh county on the officers in Allentown. A conditional appearance was entered for the defendant, and the Court after a rule for that purpose, set aside the-service, holding that under the Act of April 24th, 1857, (P. L., 318) and its supplement of April 8th, 1868 (P. L. 20) the suit could not be entertained. Spangler sued out a writ of error to the Supreme Court, and the judgment of the Common Pleas was affirmed.

The defendant requested the court to charge *inter alia* as follows:

FOURTH.—This suit, not having been brought within one year from and after the death of the insured, cannot be sustained, as that is the limit of the right of action at law under the contract.

*Answer.*—Negatived. (Second assignment of error.)

Fifth. According to the admission of Spangler the policy was taken out by him; all the premiums and assessments were paid by him; and that was done upon the strength of an understanding between Spangler and Mrs. Rausch; this made Spangler, in law, the real beneficiary, and as he had no insurable interest in the life of the insured, the verdict must be for the defendant. *Answer.* Negatived. (Fifth assignment of error.)

Sixth. According to the admissions of Spangler and Norris, made at the trial, this contract of insurance was, in its inception, a wagering policy, and therefore void, and the verdict must be for the defendant. *Answer.* Negatived. (Sixth assignment of error.)

Seventh. If the jury believe that Spangler effected this insurance for himself; that he paid all the premiums and assessments; that the policy was taken out with the understanding that it was to be for the benefit of Spangler, and to be assigned to him; then, he having shown no insurable interest in the life of the insured, he would not be entitled to recover and the verdict must be for the defendant. *Answer.* Negatived. (Seventh assignment of error.)

Verdict for the plaintiff in the sum of $1,236.46 and judgment thereon, whereupon the defendant took this writ and filed the assignments of error shown above.

*Edward Harvey*, for plaintiff in error.—The conditions of a policy of insurance are a part of the contract between the parties: Desilver v. Ins. Co., 38 Pa. St., 130; Kensington Bank v. Yerkes, 86 Pa. St., 227; Fire Association v. Williamson, 26 Pa. St., 196; Trask v. Ins. Co., 29 Pa. St., 198; Ins. Co. v. Stauffer, 33 Pa. St., 397. They must be observed. If they are not waived, or if the party does not estop himself from insisting upon their observance, the courts have nothing to do but to ascertain the contract and enforce it as they find it. It is a familiar maxim. *Modus et conventio vincunt legem.*

The parties to this contract limited the time within which an action shall be brought to "one year from and after the death of the insured." Such a limitation is valid and binding upon the parties: Insurance Company v. Phœnix Oil Company, 31 Pa. St., 448.

In Universal Ins. Co. v. Weiss, 106 Pa. St., 20, there was a limitation essentially similiar to the one in the case at bar. Mr. Justice GORDON, in the opinion, page 27, says: "Suit must have been brought within the time prescribed, and the neglect of this provision must necessarily, if a contract of this kind is worth anything, bar a right of action on the part of the assured." To the same effect are Wait v. Ins Co., 1 W. N. C., 155; Schroeder v. Ins. Co. 2 Phila. R., 286; Warner v. Ins. Co. 37 Leg. Int., 475. Even a mistake in the policy as to the time when the risk commenced will not excuse a literal observance of the limitation within which suit must be brought: Ins. Co. v. Barr, 94 Pa. St., 345. See also Wood on Fire Ins., Sec. 434, *et seq.*, and Wood on Limitations of Actions, Sec. 42, p. 80.

The action brought on this policy in York county could not operate as an estoppel for the court there had no jurisdiction of the defendant: Riddeberger v. Hartford Ins. Co. 7 Wall, 386; Herman on Estoppel, 192; Campbell v. McCahan, 41 Ill., 45; Lessee of Walden v. Craig's Heirs. 14 Pet., 154; Baxley v. Senate, 16 Pa. St., 241; Ripley v. Ætna Ins. Co., 30 N. Y. 137; Wilkinson v. National Fire Ins. Co., 72 N. Y., 500; Harris v. Dennis, 1 S. & R., 236; Todd's Appeal, 24 Pa. St., 429.

The policy was a wager policy and an action could not be maintained upon it: Shilling v. Ins. Co., 2 H. & N., 42; Pulchet v. Ins. Co., 3 Yeates, 458; Gilbert v. Moore, 104 Pa. St., 74; Warnock v. Davis, 104 U. S., 775; Cammick v. Lewis, 15 Wall, 643; Corson's Appeal, 3 Amerman, 438; Ruth v. Katterman, 2 Amerman, 251; Scott v. Dickson, 108 Pa. St., 6; Conn. Mut. Life Ins. Co. v. Shaefer, 74 U. S., 457; N. Y. Mut. Life Ins. Co. v. Armstrong, 117 U. S., 591.

*Robert E. Wright* (*J. Marshall Wright* with him), for defendant in error.—We submit in the first place that, this action being brought in the name of Norris to the use of Spangler, the question is to be tried as upon the title of Norris. When a legal plaintiff is on the record and proves a case in his own favor against the defendant, it is not necessary for the use plaintiff to prove his title from the legal plaintiff. If the defendant is indebted to the legal plaintiff it is of no concern that the sum recovered is to go to the use plaintiff. The judgment protects him and the parties entitled to the fund can intervene to protect their interests in it: Armstrong v. The City of Lancaster, 5 Watts, 68; Mongomery v. Cook, 6 Id., 238; Irish v. Johnson, 1 Jones, 483; Com'th v. Lightner, 9 W. & S., 117; Hamilton v. Brown, 6 Harris, 87; Crawford v. Stewart, 2 Wr., 34; Memphis & R. R. Co. v. Wilcox, 12 Id., 162; Berks Co. v. Levan, 5 Norris, 360.

Norris had an insurable interest in Mrs. Rausch's life. He was her son-in-law. This, of itself, might not have been sufficient to create such an interest. In fact this Court so said in Stover v. Line, 16 W. N. C., 187.

It was proven in this case that the insured was the debtor of the beneficiary; that he supported her, and she owed him for this; that the family relation existed between them, and that she took out this policy to pay this debt or obligation. This question was fairly submitted to the jury, and found against the defendant: Keystone Mut. Benefit Ass'n v. Beaverson, 16 W. N. C., 158; May on Insurance, 107; Ins. Co. v. Shaw, 2 Casey, 189; Ins. Co. v. Kane, 31 P. F. S., 154; Scott v. Dickson, 12 Out., 6; Corson v. Garmer, 15 W. N. C., 451; Corson's Appeal, 3 Amerman, 438.

In Pennsylvania the Statute of Limitation, as to personal actions, provides, that if a judgment for plaintiff is reversed on error, or the judgment arrested and judgment given against the plaintiff, he take nothing by his plaint, a new action may be brought within a year thereafter. It has been held that by analogy the equity of the proviso must be extended far beyond its terms: Downing v. Lindsey, 2 Barr, 332; Given v. Albert, 5 W. & S., 330; McClury v. Fryer & Anderson, 3 Harris, 293; Wood on Lim. of Actions, 81–86; Wood on Fire Ins., 761.

Mr. Justice GORDON delivered the opinion of the court, March 16th, 1887.

Jacob R. Spangler, the use plaintiff, had no insurable interest in the life of Mrs. Rausch, hence this policy, now in suit, which was taken for his use, in the name of Charles Norris, was but a wager on Mrs. Rausch's life, and as such void

and of no effect. A single question and answer, selected from his own testimony, proves the nature of the transaction beyond cavil. Question:—" And it was understood between you and Mrs. Rausch, before the insurance was taken, that it was to be taken in the name of Norris, and by Norris assigned to you? Answer:—" Yes sir." If now, we admit that Norris had such an interest in the assured as would have warranted him in taking a policy on her life, yet that fact cannot help out the plaintiff's case since the policy was not founded on that interest, neither was it for the benefit of Norris, but for the benefit of one who had no interest whatever in the insured life. Norris's name was used as a mere blind, and could deceive no one conversant with the facts; Spangler was the real beneficiary, and the policy would have been quite as efficient had it been issued directly to him. The doctrine here advanced is supported by all our own authorities, one of the most recent being Corson's Ap., 113 Pa., 438. As a case in point, we may also cite Warnock v. Davis, 104 U. S., 775; in which it was held, by Mr. Justice FIELD, that an insurable interest, such as will take the contract out of the wager class, must arise from the relation of the party taking the insurance to the insured, either as surety or debtor, or from the ties of blood or marriage, so that from the relation thus established there may be some expectation of benefit or advantage in the continuance of the assured life. Otherwise the risk is to be regarded as a pure wager, in which the interest of the policy holder is to be found rather in the cessation than the continuance of the life. On all authority, therefore, the court should have affirmed the defendant's fifth, sixth and seventh points. Nor can we agree with the learned judge of the court below, that the running of the one year limitation prescribed by the policy was suspended by the York county suit. Passing by the fact that that suit was brought in the name of the equitable instead of the legal plaintiff, yet as it was instituted in a court not having jurisdiction of the defendant, it was wholly without effect. As a consequence, the analogy sought to be established between the plaintiff's case and the Act of the 27th of March, 1713, and the decisions under it, wholly failed, and so the court should have ruled.　　　　The judgment is reversed.