### C. A. & J. C. GHIO & CO. ET AL.

*v.*

### WESTERN ASSURANCE COMPANY ET AL.

FIRE INSURANCE.   *Condition in policy limiting suit or action for loss.*

A condition in a policy to the effect that no suit or action against the insurer for the recovery of any claim on the policy shall be sustained, unless commenced within twelve months next after loss shall have occurred, and that the lapse of such period shall be conclusive evidence against the validity of any claim preferred by suit or action thereafter commenced, is valid, and, when not waived or otherwise rendered inoperative by the insurer, is a bar to any suit or action not instituted within the period thereby prescribed.

APPEAL from the Chancery Court of Hinds County.

HON. E. G. PEYTON, Chancellor.

In March, 1883, James Rivari, doing business in the city of Natchez, lost by fire a stock of goods, upon which he held two policies of insurance against fire, issued by the Western Assurance Company, of Toronto, Canada.   The policies, numbered, respectively, 289,913 and 332,213, were both in force at the time of the loss; but the former was dependent upon a certificate of renewal.

After a considerable delay, Rivari brought suit in the Circuit Court of Hinds county against the Western Assurance Company, upon the policy numbered 332,213, but omitted to sue upon the renewed policy, numbered 289,913.   And on the 18th of January, 1886, Rivari recovered a judgment for the amount demanded on the policy sued upon.

C. A. & J. C. Ghio & Co., and many others, who were creditors of Rivari at the time of the loss of his stock of goods, thereafter brought suits, and pending his litigation with the insurance company, recovered judgments, respectively, against him.   And in connection with their suits against Rivari, C. A. & J. C. Ghio and the other creditors referred to, caused writs of garnishment to be issued, in their several suits, against the Western Assurance Company.

After the rendition of the judgment in favor of Rivari and against the Western Assurance Company, the latter, on the 20th of January, 1886, filed a bill of interpleader in the Chancery Court of Hinds county, against Rivari and his creditors who had caused garnishments to issue as above stated, asking to be allowed to pay into Court the amount of Rivari's judgment, and that he and his creditors be restrained from further proceedings at law against complainant. And on the 8th of March, 1886, a decree was rendered in accordance with the prayer of such bill, and, the money having been paid into Court, the complainant was discharged.

On the 28th of December, 1886, C. A. & J. C. Ghio & Co., and the other judgment creditors of Rivari who were parties defendant to the Western Assurance Company's bill of interpleader, filed a bill in the nature of a bill of review, against that company and Rivari, stating that the money paid into Court in pursuance of the decree on the bill of interpleader was only sufficient to pay a small per cent. on the judgments of complainants herein; that the Western Assurance Company fraudulently omitted from its bill of interpleader any reference to the renewed policy of insurance held by Rivari, and that complainants had no knowledge of the existence of such renewed policy till the 22d of September, 1886, long after the rendition of the decree discharging the insurance company. This bill prayed for a review of the decree of March 8th, 1886, above referred to, and that the Western Assurance Company be compelled to pay into Court the amount due on the renewed policy, numbered 289,913, to be dealt with according to the rights of the parties.

The Western Assurance Company answered the last mentioned bill, denying that there was any fraudulent concealment by its bill of interpleader of the existence of policy No. 289,913 or of the certificate of renewal thereof, and averring as the reason for not mentioning such policy and certificate as follows:  " The loss, if any, had occurred over two years preceding the date of the filing of said bill of interpleader.   No suit had been brought by Rivari, or any one else, on said policy No. 289,913.   The writs of garnishment referred to were not issued for over one year after the loss is alleged to have occurred.   The answer of

respondent to said writs of garnishment had expressly denied any and all indebtedness from respondent to Rivari. Now, when it is observed that the parties to the contract contained in said policy had expressly agreed (as is expressed in condition No. 10 of said policy) that, ' It is furthermore hereby provided and mutually agreed, that no suit or action against this company, for the recovery of any claim, by virtue of this policy, shall be sustained in any court of law or chancery, unless such suit or action shall be commenced within twelve months next ensuing after the loss shall occur, and should any suit or action be commenced against this company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitations to the contrary notwithstanding,' it will clearly appear that there was not then, and is not now any liability upon respondent on said policy or said certificate."

It was agreed between the parties, at the hearing, that no suit or action was instituted by Rivari, or any one else, on policy No. 289,913, or the certificate of renewal thereof, within eighteen months after the date of the alleged loss by fire, and that no, garnishment in favor of any of the complainants was served on the respondent within that period. It was also agreed that complainants knew nothing of policy No. 289,913, or of the certificate of renewal thereof, until the rendition of the decree in the interpleader suit.

The chancellor rendered a decree denying the relief sought. and dismissing the bill, and the complainants appealed.

*Calhoon & Green*, for the appellants.

In the 8th condition of the policy we find the following : " In case differences shall arise touching any loss or damages after proof thereof has been received in due form, the matter shall at the written request of either party be submitted to impartial arbitrators, whose award in writing shall be binding on the parties as to the amount of such loss or damages, but shall not decide the liability of the company under this policy."

The 10th condition is as follows : " It is furthermore hereby provided and mutually agreed that no suit or action against this company for the recovery of any claim by virtue of this policy

shall be sustainable in any court of law or chancery, *until after an award shall have been obtained, fixing the amount of such claim in the manner above provided,* nor unless such suit or action shall be commenced within twelve months," etc.

The condition relied on does not provide for those cases where the parties have not exercised the option or privilege of having an arbitration; and while it stipulates in terms that no one shall sue until an award is had, or after the expiration of twelve months from the date of the loss, the condition can only be held operative in cases where an award has been made.

In a case resting upon conditions, word for word, like those in the policy before the court, it has been held that the conditions must be construed together, and that the condition of the policy which provided that no action to recover loss should be sustainable " until after an award had been obtained fixing the amount of such claim in the manner above provided," *applied only to a case where the written request for arbitration had been made as provided in the preceding section.*

*Wallace* v. *German-American Insurance Co.,* 2 Fed. Rep., 658. So in another case where the conditions of the policy were substantially similar to those under consideration, and provided for an arbitration in case of disagreement as to the amount of the damage, and also that no suit should be sustainable until after an award had been obtained, nor unless brought within six months after the loss occurred, it was held that the right to sue was not affected by the fact that more than six months had elapsed before any award was made, and that the limitation be-. gan to run from the time the insured was entitled to sue, and not from the date of the fire, and that a suit within six months. after the award was not too late.

*Levy* v. *Va., T. & M. Ins. Co.,* 9 Ins. Law Journal, 113. The following cases, though not strictly in point, rest upon analogous principles, and go to confirm the conclusion reached in the two above cited. *Landis* v. *Home, etc., Insurance Co.,* 56 Mo., 591; *Indiana, etc., Ins. Co.* v. *Routledge,* 7 Ind., 25; *Williams* v. *New England Ins. Co.,* 29 Me., 465; *Bartlett* v. *Union,. etc., Ins., Co.,* 46 Me., 500; *Nevins* v. *Rockingham, etc., Ins. Co.,* 25 N. H.; *Arnet* v. *Mechanics, etc., Ins. Co.,* 22 Wis., 516.

*Shelton & Crutcher*, for the appellees.

In *Riddlesbarger* v. *Hartford Fire Ins. Co.*, 7th Wallace., 386, a case involving a contract with just such a provision as the one at bar, and where a suit had been brought within the time allowed by the provision, but dismissed and a new suit brought after the expiration of the time limited by the provision, but within the period allowed by the state statute for bringing suits after the dismissal of a former suit, the Supreme Court of the United States held that the suit could not be maintained because not brought within the time allowed by the provision in the contract as to the limitation of actions; that the case was not governed by the state statute on the subject, but by the contract which the parties had made for themselves—a contract which it was perfectly competent for them to make.

This case is cited and approved in the case of the *Southern Express Company* v. *Caldwell*, 21st Wall., 269.

To avoid the effect of the provision in the case at bar, counsel relied in the court below on the 8th and 10th paragraphs of the policy. The 8th paragraph provides, that in case a difference between the parties shall arise touching the loss or damage after proofs of loss have been received, the matter may, at the written request of either party, be submitted to arbitration, etc.

By the 10th paragraph it is provided, that no suit shall be brought against the company until an award shall be obtained in the manner above provided; and *no suit shall be brought after the expiration of twelve months from the time the loss occurred.* Now, it is said, that these provisions are inconsistent, and that the only reasonable construction that can be placed on them is to hold that the second limitation applies only in cases where there has been award, and as there has been none in this case, therefore, there is no limitation here.

It seems to us that the true effect to be given to the two paragraphs is this: Defendant cannot plead the first one except in cases where there have been proceedings for an arbitration; and in cases where such proceedings have been had, the defendant, in pleading the twelve months' provision, must eliminate the time consumed about the arbitration. But, as in this case, where there have been no proceedings for an arbitration, the first

provision cuts no figure, and the second provision—that prohibiting suit to be brought after the expiration of twelve months next ensuing after the loss has occurred—applies unaffected by the first provision. See *Wallace* v. *German-American Ins. Co.*, 2 Federal Reporter, 658.

ARNOLD, C. J., delivered the opinion of the Court.

It is provided by the terms of the policy in question, that no suit or action against the insurer for the recovery of any claim on the policy shall be sustained, unless commenced within twelve months next after loss shall have occurred, and that the lapse of this period shall be conclusive evidence against the validity of any claim asserted in any action subsequently commenced for its enforcement.

It is not shown that anything was said or done by the insurer to waive or prevent the operation of this condition of the policy, and it is admitted that no suit or action was commenced on the claim until after the expiration of twelve months from the loss. The condition of the policy which has been referred to was valid, and upon the facts of record it was a bar to appellant's action. *Wood on Fire Insurance*, Sec. 434; *Riddlesbarger* v. *Hartford Ins. Co.*, 7 Wall., 386; *Southern Express Co.* v. *Hunnicutt*, 54 Miss., 566.

*Affirmed.*