Hale, J.
A provision in a life insurance that no suit shall be maintained thereon unless such suit shall be commenced within six months next after the decease of the assured, is valid.
Section 1991 of the Revised Statutes has no application to limitations created by contract, and hence has no application to this case.
The two policies of insurance upon which the defendants in error predicated their two causes of action, each contained this provision: “No suit or action at law or in equity shall be maintained with respect to the payment of this policy until after the filing in the principal office of the company, of the above mentioned proof of death, nor unles such suit or action shall be commenced within six months next after the decease of the person insured unde this policy, and it is expressly agreed that should any such suit or action be commenced after the expiration of said six months, the lapse of time shall be deemed as conclusive evidence against the validity of such *622 claim, any statute of limitations to the contrary notwithstanding.”
Meyer & Mooney, for Plaintiff in Error.
Hart, Canfield & Callahan; Kerruish, Chapman & Kerruish, for Defendants in Error.
This action was commenced more than six months after the death of the assured,and can not therefore be sustained. The former action, brought by Henry Howie within six months from the death of the assured, which failed because not brought by the proper plaintiff, does not operate to extend the time in which this action could be brought either by force of the statute or by a proper construction of the policy. These propositions are sustained by the decided weight of authority. We refer to a few of the cases examined: 103 Iowa, 532; 18 Atlantic Reporter, 614; 7 Wallace, 386; 27 Vermont, 99; 102 Iowa, 112.
The case relied on by the defendants in error, reported in 2nd Disney, '128, is not in conflict with the aboye cases cited. The language of the policy under construction in that case, was essentially different from- the conditions of the policy here involved, and was so recognized by the court. Judge Spencer, m speaking for the court, on page 137 of the decision, discusses the difference in legal effect, of that policy and of a policy having a condition expressed in the language of this policy.
It follows that the court erred in refusing to give to the jury requests Ho. 1 and Ho. 2, and in the instructions giv.en to’ the jury, upon the subject of the effect of the bringing of the first action.
The judgment of the court of common pleas is reversed, and the cause remanded for further proceedings.