ELBERT A. WARD v. PENNSYLVANIA FIRE INSURANCE
COMPANY.

1. FIRE INSURANCE.  *Policy.  Stipulation as to time within which to sue.*
   *Statute of limitations.*

   Where a fire insurance policy provided that suit thereon must be
   brought, if at all, within a designated time, the provision is
   valid, and the time is not extended by the statute of limitations.

2. SAME.  *Previous suits dismissed.  Code 1892, § 2756.*

   In such case where suit is brought after the expiration of the
   contract time it makes no difference that a previous suit, which
   was dismissed, had been brought within the time, nor is the
   case aided by code 1892, § 2756, providing that if any action
   brought within the time limited by the statute of limitations be
   defeated for matter of form, or the judgment be arrested after
   verdict for plaintiff, he may bring a new action within a year
   from the abatement or other determination of the first suit.

3. SAME.  *Privilege tax.  Code 1892, § 3401.  Amnesty act.  Laws 1902,*
   *ch. 55.*

   In such case a plaintiff who could not recover in a suit begun be-
   fore the expiration of the contract time, because he had not paid
   his privilege tax (code 1892, § 3401), and who consequently dis-
   missed his suit, cannot recover in a second suit, begun after the
   expiration of the time, although he had, before bringing the
   latter suit, availed himself of the amnesty act (laws 1902, ch.
   55), relieving him from the consequences of not having paid the
   tax.

4. SAME.  *Prohibition to sue.  Injunction.  Code 1892, § 2758a.*

   In such case a plaintiff is not aided by code 1892, § 2758a, provid-
   ing that when any person shall be prohibited by law or en-
   joined from commencing any action, the time during which he
   shall be so prohibited or enjoined shall not be computed as part
   of the time limited by the statute of limitations within which
   suit may be brought.

FROM the circuit court of Noxubee county.

HON. GUION Q. HALL, Judge.

Ward, appellant, was plaintiff in the court below; the insurance company, appellee, was defendant there. The suit was upon a fire insurance policy, given upon a stock of merchandise, and it contained a provision to the effect that a suit could not be maintained upon it, or recovery be had, unless the suit should be brought within twelve months from the time the cause of action accrued. The defense was made that the suit was not begun within the contract limitation of time for its institution. To this defense the plaintiff replied that he had begun a previous suit upon the policy within the twelve months after the cause of action accrued, to which first suit the defendant had pleaded a failure by plaintiff to pay a privilege tax on his store, and plaintiff in consequence was forced to dismiss his first suit, which he did without prejudice, since the plea was true, and, under the statute, the fact pleaded barred a recovery by plaintiff in said suit; that afterwards, on February 19, 1902, the legislature passed an act, commonly called an amnesty act, permitting plaintiff, and all persons similarly situated and embarrassed, under certain penalties, to reinstate himself and giving validity to and making enforceable the contracts which were avoided because of the failure to have paid said tax; that plaintiff had availed himself of said amnesty act, and that the present suit was begun within twelve months thereafter, and as soon as it could have been brought after the removal of the prohibition imposed on plaintiff by law from suing because of a failure to pay said tax. The court below adjudged the replication bad, and plaintiff appealed to the supreme court.

The statutes applicable were laws 1898, p. 25, imposing a privilege tax on stores (code 1892, § 3401), providing, among other things, that "all contracts made with any person who shall violate the provisions of this chapter (meaning the carrying on of any business upon which a privilege tax is imposed without paying the tax) in reference to the business carried on in disregard thereof, shall be null and void so far only as such

person may base any claim upon them, and a suit shall not be maintainable in favor of any such person on any such contract," and laws 1902, chap. 55, the amnesty act, which provides that all contracts made or entered into previous to the passage of the act and which were void or voidable because of the nonpayment of a privilege tax, should be validated and made of force, if, within ninety days thereafter, the delinquent taxpayer should pay the tax which he ought to have paid, with 200 per cent. damages added thereto.

[That a policy of fire insurance on the stock of goods carried by a merchant in his store is a contract "in reference" to his business, and is void under the statute unless the tax was paid, had previously been decided. *Pollard* v. *Phoenix Etc., Co.,* 63 Miss., 244.]

*T. W. Brame,* for appellant.

It is true that this court held in the case of *Ghio et al.* v. *Western Assurance Association,* 65 Miss., 532, that the plea set up in defense of that action was good, but there is quite a difference in the contracts. In that case it read: "It is furthermore hereby provided and mutually agreed, that no suit or action against this company for the recovery of any claim, by virtue of this policy, shall be sustained in any court of law or chancery, unless such suit or action shall be commenced within twelve months next ensuing after the loss shall occur, and, should any suit or action be commenced against this company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

In the policy sued on it reads: "No suit or action on this policy, for the recovery of any claim, shall be maintainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

Our contention is that Ward was prohibited by law from suing on the policy because he had an insufficient privilege license, and that appellee in the first instance pleaded the same, and that, because of this fact, he was prevented by law and appellee from maintaining his suit, and that, under code 1892, §§ 2756, 2758, he had a right to renew his suit, and our further contention is that, under the broad and sweeping provisions of the act of the legislature enacted February 17, 1902, which declares that all contracts that were void because of nonpayment, etc., shall be and are hereby made valid and of the same force and effect as if there had been no default, etc.

The language here is much stronger than that of the act of March 12, 1886, referred to in *Phoenix Insurance Co.* v. *Pollard,* 63 Miss., 642. There it says "shall become enforceable." Here it says "shall be, and are hereby made, valid and of the same force and effect as if there has been no default."

*R. E. Cochran,* for appellee.

The provision in the policy that no recovery should be had on it in any court of law or equity, unless suit should be commenced within twelve months from the time the action accrued, is binding and valid. *Ghio & Co.* v. *Western Assurance Association,* 65 Miss., 532, and the authorities therein cited.

Where rights of parties flow from contracts, such rights are unaffected by either general statutory limitations or exceptions. *Riddlebarger* v. *Hartford Life Ins. Co.,* 7 Wall., 386.

The above case was cited and followed in *Harrison* v. *Hartford, Etc., Co.,* 57 Fed. Rep., 299, 301; s.c. 102 Iowa, 115, 116; 71 N. W., 221, 222, holding second suit barred, general statutory provisions not preventing operation of stipulated period; *McElroy* v. *Continental, Etc., Co.,* 48 Kan., 203; 29 Pac., 478, holding statute not conferring rights to commence second suit after stipulated period; *Wilkinson* v. *First, Etc., Co.,* 72 N. Y., 504; 28 Am. Rep., 168, holding statutes saving rights affected by injunction inoperative as against stipulated period;

*Travelers Ins. Co.* v. *California Ins. Co.,* 1 N. Dak., 158; 45
N. W., 705; 8 L. R. A., 772, and notes, holding delay due to
sickness in bringing action inexcusable; *Hocking* v. *Howard
Ins. Co.,* 130 Pa. St., 180; 18 Atl., 615, holding statute rela-
tive to bringing second action not extending contract period;
*Sample* v. *London, etc. Co.,* 46 S. C., 498; 57 Am. St. Rep.,
704; 24 S. E., 337, holding act limiting right to contract, un-
affecting existing contract rights; *Guthrie* v. *Connecticut In-
demnity Assn.,* 101 Tenn., 648; 49 S. W. 830, holding statu-
tory provision governing dismissed actions not affecting con-
tractural limitation in policy.

A stipulation in the insurance contract requiring actions to
be brought within the specified period has reference to actions
prosecuted to judgment. A specified period is not extended for
purpose of second action, by an action commenced within time,
but which fails to be prosecuted to judgment. *Nevitt* v. *John
Bacon et al.,* 32 Miss., 212; *Crane et al.* v. *French,* 38 Miss.,
503; *Railroad Co.* v. *Orr,* 52 Miss., 541; *Riddlebarger* v. *Hart.
Fire Ins. Co.,* 7 Wall., 386, the last case recited and followed
in *Harrison* v. *Hartford, Etc., Ins. Co.,* 67 Fed., 300, 302,
holding limitation not extended by action prematurely brought
and dismissed; *Melson* v. *Phoenix Ins. Co.,* 97 Ga., 724; 25
S. E., 190, holding second action brought too late; *Arthur*
v. *Homestead Co.,* 78 N. Y., 468; 34 Am. Rep., 553, holding
failure of first suit not justifying commencement of second;
*Travelers Ins. Co.* v. *California Ins. Co.,* 1 N. Dak., 157; 45
N. W., 705; 8 L. R. A., 771 and note; *Guthrie* v. *Connecticut
Ind. Assn.,* 101 Tenn., 649; 49 S. W., 830, and *McFarland* v.
*Aetna, Etc., Co.,* 6 W. Va., 439, all holding second suit not
saved by commencement of dismissed action.

The bar of the provision in the contract that suit shall be
brought within one year after the action accrued is a vested
right and cannot be taken away by any action of the legisla-
ture or authority of the court. *Woodman* v. *Fulton,* 47 Miss.,
682.

WHITFIELD, J., delivered the opinion of the court.

The case of *Ghio & Co. et al.* v. *Western Assurance Co. et al.,* 65 Miss., 532; 5 South., 102, is conclusive of the validity of the stipulation in the policy that no suit should be brought except within one year from the time of the loss. The case of *Riddlesberger* v. *Hartford Fire Ins. Co.,* 7 Wall., 386; 19 L. Ed., 257, settles two propositions: First, that where there is a valid contract stipulation as to the time within which suit must be brought, statutory provisions cannot enlarge that time; and, second, that "the specified contract period is not extended for purposes of a second action by an action commenced within time, but which failed to be prosecuted to judgment." In other words, the action which must be brought within the specified contract period is the action which shall afterwards be prosecuted to judgment. See vol. 19 of the Lawyers Edition of the United States Supreme Court Reports, at page 257, for the case of *Riddlesberger* v. *Hartford Fire Ins. Co.,* and page 908 of Rose's notes for the citations of this case in subsequent cases of the United States Supreme Court affirming the two propositions above; these notes of Mr. Rose being incorporated in said volume 19 at end of 7 Wallace as therein reported. Section 2756 of the Annotated Code of 1892 has no application to a contract which fixes its own period of limitation as to time within which a suit may be brought. And section 2758a embraces only those cases where a plaintiff is "prohibited by law," etc., "from commencing or prosecuting an action," and, of course, has no application to a case like this, where the plaintiff was not "prohibited by law from commencing or prosecuting his action," but dismissed his suit voluntarily, because he had willfully violated the law himself in not paying the proper privilege tax. To hold the plaintiff entitled to the protection of this section would be to put a premium upon willful violation of law.

*Affirmed.*