**RAY v. LIBERTY INDUSTRIAL LIFE INS. CO.**

No. 16893. .

Court of Appeal of Louisiana. Orleans.

May 2, 1938.

Loys Charbonnet and E. B. Charbonnet, Jr., both of New Orleans, for appellant.

Cabral & Graham, of New Orleans, for appellee.

JANVIER, Judge.

On November 15, 1937, Octavia Ray filed this suit as duly designated beneficiary in a policy of life insurance issued by Liberty Industrial Life Insurance Company on the life of Albert Robertson. She alleged the death of Robertson and the refusal of the insurer to make payment under the policy. She averred that she had "* * * delivered to defendant insurance company the policy" and "the proofs of death, * * * all of which were satisfactory and accepted by defendant company, and all of which were furnished on forms supplied by defendant company." She prayed for judgment in the sum of $255, the face amount of the policy.

Defendant filed a plea of prescription based on, a policy stipulation reading as follows: "No suit shall be maintainable to enforce the performance of this contract until ten days after filing, in the Principal Office of the Company, of the above named proof or (of) prior death, or unless such suit shall be commenced within one year next after such maturity or the death of the person insured under this Policy."

In connection with the plea of prescription defendant insurer averred that the insured, as set forth in the petition, had died on September 17, 1936, and that proof of death had been filed on September 21, 1936, and contended that the one year granted by the policy—within which suit might be brought—had commenced on October 1,

1936, ten days after the filing of the proof of death, and had expired on October 1, 1937.

The plea of prescription was overruled and, after a trial on the merits, there was judgment for plaintiff as prayed for. Defendant has appealed and in this court its counsel have addressed themselves solely to the plea of prescription.

Counsel for plaintiff, conceding, of course, that when the suit was filed there had already elapsed more than one year and ten days from the day on which the proof of loss was filed, maintain that, nevertheless, for several reasons, prescription had not accrued.

First, they declare that the quoted condition is vague and fixes no definite time at which the year commences to run, and they further contend that, if the time fixed can be considered as definite, that time, at the earliest, is ten days after "satisfactory" proof of loss is furnished, and that it has never commenced to run since there has never been furnished proof of death sufficiently "satisfactory" to the insurer to induce it to make payment.

Second, they maintain that during the said year negotiations looking to a settlement of the controversy were conducted and they assert that, as a matter of law, a prescriptive period is halted during negotiations and recommences only after such negotiations have been definitely terminated.

Third, they point to an earlier suit on the same policy in which this court, on appeal, held that the then plaintiff, which had sued as assignee of the present plaintiff, had not secured proper assignment, and they argue that that earlier suit interrupted prescription.

We shall consider these contentions in reverse order.

Plaintiff, relying upon the earlier suit as interrupting prescription, calls attention to many cases in the reports of this state in which our courts have interpreted the provisions of the various articles of the Civil Code touching upon prescriptive periods and upon the various circumstances which tend to interrupt the running of prescription. Plaintiff also cites many cases here and elsewhere, in each of which it was held that an earlier unsuccessful suit had interrupted the limitation period. In some the citations in the earlier suits had been defective; in others the courts in which the earlier suits had been filed had been without jurisdiction; and in others the earlier suits had been dismissed for technical reasons, but in each it was held that the earlier suit was sufficient to interrupt prescription.

Without further reference to those and other cases, we deem it sufficient to say that, even prior to the enactment of Act No. 39 of 1932, to which we shall later refer, it had been well settled that the running of prescription was interrupted by an earlier suit which fairly apprised the obligor of the existence of the claim, and that technical defects as to parties plaintiff or in citation did not alter the situation, and, as we have said, this rule was well established as the result of the provisions of the Civil Code—notably article 3484—even before the enactment of the statute to which we have referred.

In 9 Tulane Law Review, page 286, in an article entitled "Prescription—Interruption," appears the following: " * * Numerous cases have held that although there is some mistake as to the parties plaintiff, nevertheless the suit will interrupt prescription. Blanc v. Dupre, 36 La.Ann. 847, supra (suit by curator of succession whose appointment was null); Flower v. O'Connor, 1841, 17 La. 213 (suit by surviving partner of a firm who was nonsuited because of lack of authority to represent the others); Becnel v. Waguespack, 1888, 40 La.Ann. 109, 3 So. 536 (suit by one co-owner •for damage by trespass); Wolf & Sons v. New Orleans Tailor-Made Pants Co., 1903, 110 La. 427, 34 So. 590 (suit by individuals in their own names for tort to commercial partnership). This is in line with the French jurisprudence, in that the plaintiff need not have the capacity to sue in order to interrupt prescription. Huc, Commentaire du Code Civil XIV (1902) No. 386, p. 488; Baudry-Lacantinerie et Tissier, op. cit. supra No. 484, p. 369."

Here the earlier suit, which was filed on November 6, 1936, was an attempt to collect on the identical policy which is the foundation of the present suit. The defendant was the same and the plaintiff in that suit—Strudwick Funeral Home, Inc.—claimed to be the assignee of the beneficiary, Octavia Ray, who is the plaintiff in the present suit. That suit was dismissed by us on November 2, 1937, so that it was actually pending for almost one year and would amply serve to extend the prescriptive period if plaintiff's contention that the

earlier suit interrupted 'prescription is sound as a matter of law.

Therefore, were we dealing here with the interruption of a period of prescription fixed by statute, the circumstances shown in connection with the earlier suit would have amply justified the application of the doctrine that an earlier suit, in general, interrupts the limitation period. But, in the case at bar, the period of limitation was fixed not by statute, but by contract, and in none of the cases cited was there involved the interruption, by an earlier defective suit, of a limitation period fixed by contract. In each the prescriptive period which was held to have been interrupted was one which had been established by statute, and counsel for defendant insist that, where there is involved a contractual, or conventional prescription, the rule as to interruption is vastly different and that, in such case, even an earlier suit by the same plaintiff against the same defendant on the same cause of action, if dismissed for technical reasons, will not serve to defeat the right of defendant to raise the bar of prescription as soon as the time granted by the contract has expired. And that this has often been held is evident. Vincent v. Mutual Reserve Fund Life Association, 74 Conn. 684, 51 A. 1066; Williams v. Greenwich Insurance Company, 98 Ga. 532, 25 S.E. 31; Wilhelmi v. Des Moines Insurance Company, Iowa, 68 N.W. 782; Smith v. Herd, 110 Ky. 56, 60 S.W. 841, 1121; McIntyre v. Michigan State Insurance Company, 52 Mich. 188, 17 N.W. 781; Arthur v. Homestead Fire Insurance Company, 78 N.Y. 462, 34 Am.Rep. 550; Prudential Insurance Company v. Howle, 19 Ohio Cir.Ct. 621, 10 O.C.D. 290; Keystone Mutual Benefit Association v. Norris, 115 Pa. 446, 8 A. 638, 2 Am.St.Rep. 572; Wilson v. Aetna Insurance Company, 27 Vt. 99; Riddlesbarger v. Hartford Fire Insurance Company, 7 Wall. 386, 391, 19 L.Ed. 257.

The reason which has prompted the courts, by such an overwhelming preponderance, to establish the distinction, is that in those cases the causes of interruption specified by statute are set forth in the same general statutes, or in the same Codes in which the limitations are fixed, and it is felt that, where interruption of a limitation period is provided for in the same statute or Code which establishes the limitation itself, there is no reason to assume that the framers of the statute intended the statutory interruption to be applicable to limitations other than those established by the same statutes, or the same Codes, or the same series of enactments; but that, where the parties have the right to contract on the subject of limitation and to contract, their agreement forms the entire law between them and is not affected by statutory interruptions which they have not themselves referred to.

Inferentially, this view is set forth in the following language of the Supreme Court of Louisiana in Tracy v. Queen City Fire Insurance Company, 132 La. 610, 61 So. 687, 688, Ann.Cas.1914D, 1145: "In all statutes of limitations, there are exceptions in favor of a certain class of persons, such as minors and interdicts, and provisions relating to the interruption of the current of prescription by acknowledgment, judicial demand, etc. Where, as in the case at bar, the law prescribes the limitation, and the parties cannot help themselves, there is no good reason in law or in equity for not applying the general rules of prescription laid down in the Civil Code, one of which provides that citation shall interrupt prescription, 'whether the suit has been brought before a court of competent jurisdiction or not.'" (We direct attention to the words "cannot help themselves").

We have some doubt as to whether we ourselves are completely persuaded that there is reason for the distinction, and we feel free to express this doubt on the subject since the Tracy Case contains, so far as we have discovered, the only discussion in this state on that subject, and since that discussion is not necessarily authority for the view contended for by defendant. The language quoted above merely raises, in a negative way, the inference that, since the court said that where "the parties cannot help themselves" and must accept the statutes fixing prescriptive periods, they must also accept and recognize the interruptions fixed by statute, possibly, where they "can" help themselves and "may" fix their own prescriptive periods, they are not affected by statutory exceptions providing for interruptions.

In 23 A.L.R. page 97, appears an exhaustive discussion on the question of whether statutory interruptions affect contractual limitations. We quote from page 98 of 23 A.L.R. "In all but a few jurisdictions the rule is that the provisions of a general statute of limitation extending the time of the running thereof, or fixing the time when an action shall be deemed to

be commenced, do not apply to a limitation period prescribed in a policy of insurance."

In 33, Corpus Juris, § 787, page 78, appears the following: "An exception or provisions saving the rights of parties, applicable to cases governed by a general statute of limitations, does not apply to a limitation prescribed by contract of the parties. * * * "

Mr. Cooley, in his "Briefs on Insurance," Vol. VII, page 6839, refers to statutes which provide that after the discontinuance of a first suit a second may be brought within a period fixed by the statute, and says: "Such a provision, however, does not apply to the limitations which are expressly stipulated for in the contract of insurance, but only to limitations under the general statutes."

From Mr. Couch, in his "Cyclopedia of Insurance Law," Vol. VII, § 1629, page 5701, we quote the following: "It is quite uniformly held that a provision of an insurance policy, limiting the time within which an action may be brought thereon, is not affected by the provisions of a general Statute of Limitations, extending the time of the running thereof, or fixing the time when an action shall be deemed to be commenced. * * * And the fact that a prior timely suit has been brought does not, because of the statutory exception, extend the time for bringing a second suit after the abatement of the former, as provided by general Statutes of Limitations."

As supporting the statement quoted above from 23 A.L.R., there are cited numerous cases from many jurisdictions. It is unnecessary that we cite those cases here. Suffice it that we quote from Riddlesbarger v. Hartford Fire Insurance Company, supra, in which the Supreme Court of the United States tersely and conclusively said: "In the second place, the rights of the parties flow from the contract. That relieves them from the general limitations of the statute, and, as a consequence, from its exceptions also."

In that case the plaintiff sued on an insurance policy which limited to twelve months the time within which an action might be brought. The suit was dismissed as in case of nonsuit and, more than twelve months after the loss had occurred, a new suit was filed. The defendant, pleading prescription, pointed to the policy provision and contended that the period of prescription had not been interrupted during the pendency of the earlier suit. The Supreme Court of the United States said:

"The action mentioned, which must be commenced within twelve months, is the one which is prosecuted to judgment. The failure of a previous action from any cause cannot alter the case. The contract declares that an action shall not be sustained, unless such action, not some previous action, shall be commenced within the period designated. It makes no provision for any exception in the event of the failure of an action commenced, and the court cannot insert one without changing the contract.

"The questions presented in this case, though new to this court, are not new to the country. The validity of the limitations stipulated in conditions similar to the one in the case at bar, has been elaborately considered in the highest courts of several of the States, and has been sustained in all of them, except in the Supreme Court of Indiana. * * *

"We have no doubt of its validity. The commencement, therefore, of the present action within the period designated was a condition essential to the plaintiff's recovery; and this condition was not affected by the fact that the action, which was dismissed, had been commenced within that period."

In Tracy v. Queen City Fire Insurance Company, supra, is found a decision by the Supreme Court of Louisiana in which that court recognized the distinction, so far as the interruption by earlier suit is concerned, between a statutory period of prescription and a period fixed by contract. There there was involved a fire insurance policy which contained a stipulation to the effect that: "No suit * * * on this policy * * * shall be sustainable * * * unless commenced within twelve months next after the fire." A suit on the policy was filed within four months of the date of the fire, but it was dismissed by the Supreme Court of Louisiana on the ground that "the court below was without jurisdiction ratione personæ." Later—more than one year after the fire—another suit was filed, and the defendant set up the policy stipulation fixing the prescriptive period at one year. Plaintiff contended that the earlier suit had interrupted prescription and defendant maintained that the prescription was not statutory, but contractual, and that, therefore, under the conclusion reached in the Riddlesbarger Case, there had been no interruption. The court discussed

the many authorities which had adopted the view now contended for by defendant and showed that this view is well recognized, but, without itself approving or disapproving it, found that it had no application because the policy provision, though contained in the contract, was, in fact, the result of a statutory requirement since the contract was, by law, required to be in that particular form. The law referred to was Act No. 105 of 1898, art. 3, § 22, which required that all policies issued should "conform to the requirements of the New York Standard form of Fire Insurance Policy."

We cannot conclude this discussion without reference to Hamilton v. Royal Insurance Company, 156 N.Y. 327, 50 N.E. 863, 42 L.R.A. 485, of which our Supreme Court, in the Tracy Case, said: "The case before us is on all fours with the Hamilton Case, and the reasoning of the majority opinion therein commends itself to our judgment. Where the law directly or indirectly prescribes a limitation of actions, in logic and reason, such limitation should be controlled and governed by the general provisions of the law relating to the subject."

The result reached in the Hamilton Case was based on two grounds: First—and contrary to the view which preponderates outside of New York and Indiana—the court held that a contractual limitation is subject to interruption by causes provided by statute; and, second, that where a statute requires a policy to be in a certain form a limitation contained therein is statutory and not contractual. It is evident, from a reading of the opinion in the Tracy Case, that when our Supreme Court said that "the majority opinion" (in the Hamilton Case) "commends itself to our judgment," it referred to the majority view that the limitation in the policy was statutory and not contractual because the entire discussion in the Tracy opinion evidences a recognition of the distinction between statutory and contractual limitations so far as other statutes providing for interruptions are concerned.

But in each of the cited cases in which it was held that the statutory interruption had not affected the contractual limitation the court was dealing with the statutory interruption fixed in the same Code, or in the same series of statutes, which had also established the prescriptive period, and in each of them the court concluded that, since the limitation and the interruption had been established in the same Code, or in the same series of statutes, there was no evidence of legislative intent to make the one applicable, except where the other also applied. In other words, the fundamental theory of those cases is freedom to contract and to include in a contract any prescriptive period agreed upon. Where the state provides a law which the parties may or may not avail themselves of, if they make no other stipulation then the law is read into their contract; the law fixes the period of prescription and the same law, or the same Code, or the same series of laws upon the subject fixes the circumstances which shall interrupt the prescriptive period. The parties may avoid both by contract on the subject and, if there is nothing in either statute to indicate that the lawmakers intended to force the parties to accept either the limitation or the interruption, then the contract of the parties is deemed to have been made without reference to either the limitation or the interruption fixed by statute.

If we were dealing here solely with the interruption provided by article 3484 of the Civil Code, then probably we would be forced to yield to the doctrine of the Riddlesbarger Case and the many other cases on the subject and hold that the interruptions provided by that article of the Code are applicable only to prescriptive periods fixed in other articles of the same Code. In the Riddlesbarger Case the statute of Missouri which provided for the extension of time within which a new suit might be filed, after dismissal of the first, was the same statute which had fixed a prescriptive period, and the court held that, where the parties had contracted and by contract had fixed a different period of prescription than that made available by statute, they were not affected by the extension provided in the same statute.

In Harrison v. Hartford Fire Insurance Company, C.C., 67 F. 298, there were general statutes of limitation and the court held that the legislation which extended the period within which the later suit might be brought was an attempt to "engraft" on those general statutes an exception; in other words, the statute that provided for the extension was made a part of the same general statutes which established the limitation periods. Therefore, when the parties fixed their limitation period by contract, they were not affected by the interruption provided by the general statutes. The same may be said of the other cases

referred to: Chichester v. New Hampshire Fire Ins. Co., 74 Conn. 510, 51 A. 545; Melson v. Phenix Ins. Co., 97 Ga. 722, 25 S.E. 189; Williams v. Greenwich, 98 Ga. 532, 25 S.E. 31; Harrison v. Hartford Fire Ins. Co., 102 Iowa 112, 71 N.W. 220, 47 L.R.A. 709; Wilhelmi v. Des Moines, Iowa, 68 N.W. 782; Smith v. Herd, 110 Ky. 56, 60 S.W. 841, 1121; Ward v. Penn. Fire Insurance Co., 82 Miss. 124, 33 So. 841; Lewis v. Metropolitan Life Insurance Co., 180 Mass. 317, 62 N.E. 369; Hocking v. Howard Ins. Co., 130 Pa. 170, 18 A. 614; Brown v. Roger Williams Insurance Co., 7 R.I. 301; Guthrie v. Connecticut Indemnity Association, 101 Tenn. 643, 49 S. W. 829; McFarland v. Aetna Fire & Marine Insurance Co., 6 W.Va. 437.

██ But here we are confronted not only by a Codal article, but also by Act No. 39 of 1932, which, as we read it, plainly indicates a legislative intent that every prescription—whether one fixed by the Code, or by any other statute, or whether fixed by contract—shall be interrupted by the filing of a suit in a court of competent jurisdiction. Note the language of section 1 of the act under discussion: "Be it enacted by the Legislature of Louisiana, That the filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts."

If that act provided that the earlier suit should interrupt the running of prescription established by some other article of the Code, or by some other statute, we could well say that it has no control over a contractual period of limitation. But it contains no such restrictive language; it provides that "all prescriptions * * * against all defendants" shall be interrupted. It is not made a part of the Civil Code by amendment of any article thereof. If it had been, then it might be said that its purpose was to make it applicable only to prescriptions established in the Code. But we view it as obviously general in character and as all-inclusive. We cannot but conclude that it evidences a legislative intent to make it applicable to contractual periods as well as to those fixed by statute. We entertain no doubt at all that, by legislative enactment, a state may provide for a prescriptive period whether the parties desire it or not. Therefore, since the state of Louisiana has provided by legislation that "all" prescriptions shall be interrupted by the filing of an earlier suit, and since it

clearly appears that this earlier suit was on the same cause of action and was, in effect, between the same parties, we conclude that it had the effect of interrupting the prescription, and that, therefore, the present suit is not barred by the contractual limitation.

It is not necessary that we discuss the other circumstances pointed to as also extending the time within which this suit might be filed.

On the merits the record clearly justifies the judgment for plaintiff.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.